Fannie Mae BURNS, individually and on behalf of her minor child, Billy Joe Miles, and on behalf of her minor grandchildren, Angela Gray and Erick Gray and Barbara Klein, individually, and on behalf of her minor child, Alexei Roger Klein, and Sue Lee McPherson, and Maria Lourdes Barrios, individually, and on behalf of her minor children, Adolfo Barrios, and Marta Barrios, and on behalf of all other individuals similarly situated, Plaintiffs,

v.

John MONTGOMERY, as Director of the State Department of Social Welfare, Ronald Born, as General Manager of the San Francisco Department of Social Services, and Betty L. Presley, Director of the Department of Public Social Services of Marin County, Defendants.

No. 49018.

United States District Court
N. D. California.

April 17, 1968.

Peter E. Sitkin, San Francisco, Cal., for Fannie Mae Burns and Maria Lourdes Barrios.

Kenneth Hecht, of Tarvis, Hecht, Stewart, Loeb and Salisbury, San Francisco, Cal., for Barbara Klein and Sue Lee McPherson.

Thomas C. Lynch, Atty. Gen. of California, Deputy Atty. Gen. Elizabeth Palmer, San Francisco, Cal., for defendants.

ORDER GRANTING PRELIMINARY INJUNCTION

Before HAMLIN, Circuit Judge, and ZIRPOLI and WOLLENBERG, District Judges.

PER CURIAM.

This matter having come on for hearing on April 12, 1968 at 10:00 a.m., be-

fore a three judge court consisting of the Honorable Oliver D. Hamlin, Jr., Circuit Judge, the Honorable Albert C. Wollenberg, and the Honorable Alfonso J. Zirpoli, District Judges convened pursuant to Title 28 U.S.C. § 2281, on plaintiffs' motion for a preliminary injunction to enjoin defendants from enforcing California Walfare and Institutions Code sections 11252, 12050(b), 13550(b) and 17104; and the parties being represented by counsel; and the Court having considered the affidavits and memoranda presented and the arguments of counsel for all parties, and being fully advised in the premises, it makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Plaintiff Fannie Mae Burns is a citizen of the United States of the age of 55 years. Plaintiff is the mother of one child and the custodian of two grandchildren. She has been a resident of the County of San Francisco, State of California, since September, 1967, and she intends to continue in such residence.

2. In October, 1967, plaintiff Burns applied to San Francisco County Welfare for aid; that her application for an Aid to Families with Dependent Children [hereinafter referred to as AFDC] grant was denied, and continues to be denied, solely for the reason that, although she is in all other respects qualified to receive assistance, she had not resided in the State of California for the period of one year as is required by the provisions of Section 11252 and 17104 of the California Welfare and Institutions Code.

3. Plaintiff Burns does not have funds with which to obtain proper and necessary food, clothing, housing, and medical and dental care for herself and children, and plaintiff is suffering and will suffer immediate, certain, and irreparable injury by reason of the denial of aid.

4. Plaintiff Barbara Klein is a citizen of the United States of the age of 25 years. She is the mother of a twenty-month old child. She has been a resident of Marin County, State of California, since December, 1967, and she intends to continue in such residence. Since arriving in California, she has been dependent on friends for shelter, food and other needs. She has been separated from her husband since her arrival in California.

5. On March 25, 1968, plaintiff Klein applied to the Welfare Department of Marin County for AFDC funds; that her application for AFDC funds was denied, and continues to be denied, solely for the reason that, although she is in all other respects qualified to receive assistance, she had not resided in the State of California for the period of one year as is required by the provisions of Section 11252 and 17104 of the California Welfare and Institutions Code.

6. Plaintiff Klein does not have funds with which to obtain proper and necessary food, clothing, housing, and medical and dental care for herself and child, and plaintiff is suffering and will suffer immediate, certain, and irreparable injury by reason of the denial of such aid.

7. Plaintiff Sue Lee McPherson is a citizen of the United States of the age of 76 years. Plaintiff has been a resident of the County of San Francisco, State of California since March 15, 1967, and she intends to continue in such residence. Since arriving in California, plaintiff's son forced her to leave his home and has refused to care for or support her since then.

8. On August 15, 1967, plaintiff McPherson applied to the San Francisco Department of Welfare for old age assistance; that her application for aid was denied, and continues to be denied, solely for the reason that, although she is in all other respects qualified to receive assistance, she had not resided in the State of California for the period of one year as is required by the provisions of Sections 12050(b) and 17104 of the California Welfare and Institutions Code.

9. Plaintiff McPherson's sole resources are $52.00 per month Social Security payments, and plaintiff does not have the funds with which to obtain proper and necessary food, clothing, housing, and medical and dental care for herself, and plaintiff is suffering and will suffer immediate, certain, and irreparable injury by reason of the denial of old age assistance.

10. Plaintiff Maria Lourdes Barrios is a citizen of the United States and the mother of three children, aged 15, 17 and 18. She has been a resident of the County of San Francisco, State of California, since May, 1967, and intends to continue in such residence. Plaintiff found employment in California as a maid, but had to terminate such employment in order to keep her family together. At present, her children are receiving $65.00 per month from their father, whom their mother divorced in 1966.

11. On September 20, 1967, plaintiff Barrios applied for financial assistance from the San Francisco County Department of Social Services. She was found presumptively eligible for an Aid to Families with Dependent Children grant of $199.00 per month. On October 31, 1967, the AFDC grant was terminated solely and only for the reason that, although she and her children are in all other respects qualified to receive assistance, they had not resided in the State of California for the period of one year as is required by the provisions of Sections 11252 and 17104 of the California Welfare and Institutions Code. In February, 1968, one of this plaintiff's children became eligible for AFDC because the one-year residence requirement had been fulfilled by her; that her AFDC grant is $148.00 per month.

12. Plaintiff Barrios does not have funds with which to obtain proper and necessary food, clothing, housing, and medical and dental care for herself and children, and plaintiff is suffering and will suffer immediate, certain, and irreparable injury by reason of the denial of such aid.

13. Defendant John Montgomery, is the Director of the California Department of Social Welfare and is charged with state-wide administration of the categorical aid programs and with establishing rules and regulations to carry out the statutory provisions of said program. Defendant, Ronald Born, is General Manager of the San Francisco City and County Department of Social Services and is responsible for administration of the categorical aid and general assistance programs in the City and County of San Francisco, State of California. Defendant, Miss Betty L. Presley, is the Director of the Department of Public Social Services of Marin County and is responsible for administration of the categorical aid and general assistance programs in the County of Marin, State of California.

14. Plaintiffs have brought this action as a class action on behalf of themselves and all other persons who are entitled to public assistance but for the statutory residency requirements. The class is composed of those persons who otherwise meet the requirements for attaining public assistance except for the requirement of one year of residence in the State of California. Those persons who compose this class will be irreparably injured by enforcement of the residence requirements. The class is so numerous that joinder of all members is impracticable. All members of the class are governed by the same California procedures and statutes. The representative parties herein will fairly and adequately protect the interest of the class. The defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate injunctive relief with respect to the class as a whole.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties to this action and over the subject matter of the action.

2. The facts found hereinabove raise serious and substantial questions re-

garding the constitutionality of the residence requirement provisions contained in sections 11252, 12050(b), 13550(b) and 17104 of the California Welfare and Institutions Code in light of the equal protection clause of the Fourteenth Amendment and the constitutional right to freely travel from state to state, and the Court is at this time satisfied that plaintiffs are likely to prevail. *See, e.g.,* Thompson v. Shapiro, 270 F.Supp. 331 (D.Conn.1967), probable jurisdiction noted, Shapiro v. Thompson, 389 U.S. 1032, 88 S.Ct. 784, 19 L.Ed.2d 820 (1968).

3. This action is properly maintainable as a class action for the purpose of securing injunctive relief. Fed. Rul. Civ.Proc. 23(a), and 23(b) (2).

4. Plaintiffs and the class they represent will suffer immediate and irreparable harm if preliminary relief is withheld.

5. Plaintiffs and the class they represent are entitled to a preliminary injunction, in the form and substance hereinafter set forth.

## PRELIMINARY INJUNCTION

On the 12th day of April, 1968, the plaintiffs' application for a preliminary injunction having come on regularly for hearing, and the Court having heard the evidence in the matter and made its Findings of Fact and Conclusions of Law as hereinabove stated:

It is ordered, adjudged, and decreed that the defendants are preliminarily enjoined, pending the further order of this Court, from enforcing the provisions of sections 11252, 12050(b), 13550(b), and 17104 of the California Welfare and Institutions Code, to the extent such statutes impose a residency requirement of at least one year as a condition of eligibility for public assistance upon plaintiffs and the class which plaintiffs represent, and from withholding public assistance from plaintiffs and members of the class which plaintiffs represent because of the residency provisions of said statutes.