Lavon DENNY and Angelita DeCardenas, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

HEALTH AND SOCIAL SERVICES BOARD OF the STATE OF WISCONSIN DEPARTMENT OF HEALTH AND SOCIAL SERVICES; Milwaukee County Department of Public Welfare; and J. E. Baldwin, Individually and as Director of the Milwaukee County Department of Public Welfare, Defendants.

No. 67–C–426.

United States District Court E. D. Wisconsin.

June 6, 1968.

Godfrey, Trump & Davidson, Milwaukee, Wis., for plaintiffs.

Bronson C. La Follette, Atty. Gen., Madison, Wis., for defendant Health and Social Services Board.

William M. Hayden, Asst. Corporation Counsel, Milwaukee, Wis., for defendants Milwaukee County Department of Public Welfare and J. E. Baldwin.

Before FAIRCHILD, Circuit Judge, and REYNOLDS and GORDON, District Judges.

## PRELIMINARY INJUNCTION

### PER CURIAM.

The above entitled matter having come on to be heard on May 27, 1968, before a three-judge district court, and the plaintiffs having appeared by Godfrey, Trump & Davidson, by Thomas W. Godfrey, and the Milwaukee County Department of Public Welfare having appeared by William Hayden, assistant corporation counsel, and all other defendants having waived their right to appear, and the court being advised in the premises,

Now, therefore, the court enters the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT

Lavon Denny and Angelita DeCardenas are adult citizens of the United States and residents of Wisconsin. At the time said plaintiffs filed their complaint in this action on September 22, 1967, and also at the time they applied for public assistance or relief from the de-

fendant, Milwaukee County Department of Public Welfare, they were residents of Wisconsin but had not been such residents for a continuous period of one year prior thereto. Said Lavon Denny and Angelita DeCardenas, in seeking to establish their eligibility for public assistance, did not meet the one year continuous residence requirement as set forth in Sections 49.01(7) and 49.09(3) Wis. Stats.1967.

By stipulation dated March 14, 1968, a temporary restraining order in this case, dated December 22, 1967, was extended to cover one Mercedes Santiago in addition to the two named plaintiffs. The plaintiffs are in fact acting on behalf of all others similarly situated, and these proceedings qualify as a class action as set forth in rule 23(a) and (b) (1) (B), Federal Rules of Civil Procedure. The members of the class are deemed to be all other persons who have applied or shall apply for public assistance or relief from the defendant, Milwaukee County Department of Public Welfare, and who fail to meet the one year continuous residency rule. It is impractical to give notice to the members of the class, and the court deems that no specific notice need be provided to them in connection with this order. We believe that adequate notice will result from publicity given by the general news media. The plaintiffs are poor persons whose present action has been submitted in forma pauperis; they are by hypothesis unable to furnish security as contemplated in rule 65(c), and the court shall order no security in connection with this preliminary injunction.

## CONCLUSION OF LAW

A classification of eligibility for public assistance or relief which excludes persons who have not prior to application continuously resided for one year in the state is a violation of the equal protection provision of the 14th amendment and is an unconstitutional restriction. Cf. Ramos v. Health and Social Services Board etc., 276 F.Supp. 474 (E.D.Wis.1967).

Now, therefore,

It is ordered that the defendants herein be and hereby are restrained, pending final adjudication of the plaintiffs' action, from denying to the plaintiffs, and all others similarly situated, either general public assistance or relief on the ground that they do not satisfy the prerequisites of Sections 49.01(7) and 49.09(3), Wis.Stats. of one year's continuous prior residence in the State of Wisconsin, and the said defendants are ordered to consider plaintiffs' application for relief as if such prerequisite did not exist.