**Barbara JAMES, individually and on behalf of her minor child, Maurice James, and on behalf of all other persons similarly situated, Plaintiffs,**

v.

**Jack R. GOLDBERG, individually and as Commissioner of the Department of Social Services of the City of New York; George K. Wyman, individually and as Commissioner of the State of New York Department of Social Services, Defendants.**

No. 69 Civ. 2448.

United States District Court
S. D. New York.

June 13, 1969.

See also D.C., 303 F.Supp. 935.

Mobilization for Youth Legal Services, Inc., David Gilman, Center on Social Welfare Policy and Law, Lee A. Albert, Nancy Duff Levy, New York City, for plaintiffs; Jonathon Weiss, Henry A. Freedman, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, for defendants; Samuel A. Hirshowitz, First Asst. Atty. Gen., Brenda Soloff, Asst. Atty. Gen., of counsel.

## OPINION

TENNEY, District Judge.

Plaintiff, individually and on behalf of her minor child and all other persons similarly situated, moves this Court for an order: a) convening a district court of three judges pursuant to 28 U.S.C. §§ 2281, 2284 for the purpose of hearing and determining her application for a permanent injunction restraining and enjoining the defendants from enforcing certain New York State Department of Social Services Regulations on the grounds that they violate the First, Fourth, Fifth, Sixth, Ninth, Tenth and Fourteenth Amendments to the Constitution of the United States; b) granting a temporary restraining order pursuant to 28 U.S.C. § 2284(3) restraining the defendants from discontinuing, reducing or denying public assistance grants to all persons who object to the continued enforcement of the regulations challenged herein; and c) determining

that this action may properly proceed as a class action pursuant to Fed.R.Civ.P. 23(a), 23(b) (2).

Plaintiff has been a recipient of Aid to Dependent Children benefits (hereinafter referred to as "ADC") for the past two years. On May 8, 1969, she received a letter from her caseworker requesting an appointment to visit plaintiff in her home on May 14, 1969. In reply, plaintiff explained that while she was willing to discuss issues and supply any information reasonable and relevant to her continued receipt of public assistance, under no circumstances could the caseworker make a home visit. The caseworker explained that Department of Social Services Regulations require that she visit plaintiff in her home to discuss recertification of her case, and that refusal by plaintiff to permit such a home visit would result in the termination of her ADC benefits. While reiterating her willingness to provide whatever information was requested at the offices of the Department of Social Services, plaintiff continued to deny her caseworker entry into her home.

On May 13, 1969, the New York City Department of Social Services sent plaintiff a notice of intent to discontinue her ADC benefits based upon her refusal to permit such a home visit. On May 27, 1969, a hearing held prior to the termination of public assistance was conducted at the Department of Social Services. Thereat, plaintiff again reiterated her desire to supply information relevant to her present needs, but declined to discuss such needs in her home. The Department's review officer, after determining that such home visits were required by law, upheld the caseworker's decision to terminate benefits effective June 2, 1969.

In reaching this decision, the review officer relied upon Section 175 of the Policies Governing the Administration of Public Assistance, which, in pertinent part, provides:

"Mandatory visits must be made in accordance with law that requires that persons be visited at least once every three months if they are receiving Home Relief, Veteran's Assistance, or Aid to Dependent Children, and at least once every six months if they are receiving Old Age Assistance, Aid to the Disabled or Assistance to the Blind."

This Section was promulgated in accordance with Section 134 of the New York State Social Welfare Law,[1] and Sections 351.10, 351.21 of Title 18 of the New York Code of Rules and Regulations.[2]

■■ It is well settled that the convening of a three-judge district court pursuant to 28 U.S.C. § 2281 is not required where the claim involved is "obviously without merit", where the constitutional questions presented are "insubstantial" in that prior court decisions have clearly and unequivocally foreclosed

---

1. "The public welfare officials responsible * * * for investigating any application for public assistance and care, shall maintain close contact with persons granted public assistance and care. Such persons shall be visited as frequently as is provided by the rules of the board and/or regulations of the department * * * in order that any treatment or service tending to restore such persons to a condition of self support and to relieve the distress may be rendered and in order that assistance or care may be given only in such amount and as long as necessary."

2. Pg. 3. "18 NYCRR 351.10. *Required Home Visits and Contacts.* Social investigation as defined and described * * shall be made of each application or reapplication for public assistance or care as the basis for determination of initial eligibility.

a. Determination of initial eligibility shall include contact with the applicant and at least one home visit which shall be made promptly in accordance with agency policy. * * * *"

"18 NYCRR 351.21. *Required Contacts.* Contacts with recipients and collateral sources shall be adequate as to content and frequency and shall include home visits, office interviews, correspondence reports. * * * *"

the matter in dispute or where the suit seeks merely to enjoin local officers seeking to enforce statutes of local as opposed to general or statewide application. 33 Brooklyn L.Rev. 157, 159–60 (1966). I find that the issues presented herein are neither insubstantial nor obviously without merit, and that the regulations sought to be enjoined are of statewide applicability. Without intimating any opinion on the merits of the within action, it seems abundantly clear that the recent decisions in Thompson v. Shapiro, 270 F.Supp. 331 (D.Conn.1967), aff'd, 394 U.S. 618, 89 S.Ct. 1322, 22 L. Ed.2d 600 (1969); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948) and Parrish v. Civil Service Comm'n of the County of Alameda, 66 Cal.2d 260, 57 Cal.Rptr. 623, 425 P.2d 223, (1967) necessitate the convening of a three-judge district court to consider the substantial constitutional questions relating both to the Fourth Amendment's stricture against unreasonable searches and seizures and to the penumbral right of privacy and repose raised herein.

Pursuant to 28 U.S.C. § 2284(3), this Court "may at any time, grant a temporary restraining order to prevent irreparable damage." Based upon plaintiff's affidavit of June 6, 1969, such an order would seem appropriate at the outset of this action to prevent the termination of ADC benefits which ensure at least a minimal subsistence level of life and health for plaintiff and her child. Ramos v. Health & Social Services Bd., 276 F.Supp. 474 (E.D.Wis., filed Nov. 7, 1967). Moreover, since the enforcement of the home visit regulation must inevitably cause irreparable injury to all persons who, while receiving public assistance grants are unwilling to consent to the entry of officials of the Department of Social Services into their homes, a restraining order protecting them from the denial or termination of such grants based upon this refusal is equally necessary pending the determination by the full court of plaintiff's application. The harm to plaintiff and others similarly situated from continued enforcement of the regulations challenged herein is both clear and abundant, while the cost to the State and City is obscure and minimal. Hernandez v. Freeman, Civil No. 50333 (N.D.Cal., filed Dec. 30, 1968); Burns v. Montgomery, 299 F.Supp. 1002 (N.D. Cal., filed April 19, 1968); Griffin v. Bonin, Civil No. 13,521 (W.D.La., filed March 7, 1968); Alvardo v. Dunn, —— Civil No. 12,399 (D.Conn., filed Feb. 14, 1968); Ramos v. Health & Social Services Bd., supra.

Finally, in that this Court is satisfied that: a) the class which plaintiff seeks to represent is so numerous that joinder of all members is impracticable; b) there are questions of law common to the class; c) the claims of the representative party are typical of the claims of the class; d) the representative party will fairly and adequately protect the interests of the class; and e) the party opposing the class has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole, this action may properly proceed as a class action pursuant to Fed.R.Civ.P. 23.

In order to effectuate the terms of this opinion, a temporary restraining order has been entered effective at 4:00 P.M. on June 13, 1969.

So ordered.