Gladys **RODRIGUEZ**, individually, and on behalf of her minor children, Rafael, Francisco, William and Miguel Rodriguez, and on behalf of all other persons similarly situated, Plaintiffs,

Mrs. Loretha Smith, on behalf of her minor children, Steven Kelly, Debra Kelly and Raymond Kelly, Plaintiff-Intervenor,

v.

Harold O. **SWANK**, Director, Illinois Department of Public Aid, David Daniel, Director, Cook County Department of Public Aid, Edward J. Barrett, Cook County Comptroller, Defendants.

No. 69 C 2615.

United States District Court, N. D. Illinois, E. D.

Sept. 23, 1970.

Sheldon Roodman, Community Legal Counsel, Chicago, Ill., for plaintiffs.

Wm. J. Scott, Atty. Gen., and Donald Carnow, Asst. Atty. Gen., Chicago, Ill., for state defendants.

Edward V. Hanrahan, State's Atty. of Cook County, and Thomas Brannigan, Asst. State's Atty., Chicago, Ill., for county defendants.

Before KILEY, Circuit Judge, and WILL and DECKER, District Judges.

## MEMORANDUM OPINION

DECKER, District Judge.

Plaintiffs bring this action to challenge the validity of a statewide regulation relating to the payment of benefits under the Illinois Aid to Families with Dependent Children (AFDC) program. The action is brought pursuant to 42 U.S.C. § 1983; jurisdiction is invoked under 28 U.S.C. §§ 1343(3) and (4), and declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202. The regulation challenged, Section 8255.1 of the Illinois Department of Public Aid Categorical Assistance Manual, provides that assistance payments for new applicants may not be made, with certain exceptions, for periods prior to the month in which the application is approved.[1]

The action is brought in two counts, both purporting to be class actions, by Mrs. Gladys Rodriguez, an AFDC recipient, and her minor children.[2] The defendants are the Directors of the Illinois and Cook County Departments of Public Aid and the Cook County Comptroller. The complaint alleges that Mrs. Rodriguez applied for benefits on September 22, 1969, that the application was approved in December, 1969, but that no benefits were received for September, October or November, 1969, and that only partial benefits were received for December of that year. Because count 2 seeks an injunction restraining the en-

---

1. "New Grants: A new grant is the first grant authorized after an application has been accepted in a case which has not previously received assistance under the same assistance program. It may be authorized for the month in which Form FO–550 is signed, but not for any prior period unless it meets the exceptions enumerated in Manual topic 8256.3."

2. Intervenor plaintiff Loretha Smith, on behalf of her minor children, has filed a virtually identical complaint which is not brought as a class action.

forcement of the Illinois regulation on the ground that it violates the Equal Protection Clause of the Fourteenth Amendment, a three-judge court was convened pursuant to 28 U.S.C. §§ 2281 and 2284. Presently before the court are motions to dismiss the complaint filed by all defendants. Count 1 of the complaint states that defendants' failure to pay AFDC benefits to Mrs. Rodriguez within 30 days after her application, and their subsequent failure to pay benefits retroactive to the thirtieth day after application, violate regulations of the Department of Health, Education and Welfare (HEW) said to require payments to eligible new applicants within such time.[3] Accordingly, plaintiffs request a declaration that the Illinois regulation violates the Supremacy Clause of Article 6 of the Constitution and is void, and that defendants are bound to pay benefits within 30 days of application, or, if this is not done, to pay benefits retroactive to the thirtieth day after application. Finally, they seek an injunction to secure the above relief for themselves and others similarly situated.

Count 2 incorporates many of the paragraphs of count 1 and alleges that certain persons who applied for AFDC benefits in September, 1969 received payments in September, October or November of that year, whereas Mrs. Rodriguez received no payments until December, 1969. It is alleged that the non-retroactivity provision of the Illinois regulation, which results in this differential treatment of applicants, amounts to unreasonable and capricious discrimination in violation of the Equal Protection Clause. Plaintiffs ask for a declaration that payment retroactive to the date of application is constitutionally required, and for an injunction restraining further enforcement of the Illinois regulation.

*Motion to Dismiss as a Class Action.*

The count 1 class includes all persons in Illinois eligible for AFDC assistance who are required by defendants to wait longer than 30 days after application for a determination of eligibility and receipt of their first assistance check. The count 2 class includes all applicants for AFDC in Illinois who meet statutory eligibility requirements when they apply but are denied benefits for the intervening period from the date of application to the month in which their grant is authorized. For reasons to be stated, we think these are proper class actions.[4]

■■ A class action must satisfy the four threshold requirements specified in Rule 23(a), Fed.R.Civ.P.[5] Although no estimate of the number of class members has been made, plaintiffs represent that the majority of AFDC applicants do not receive their first check within 30 days of application. For present

---

3. These regulations, found in Part IV of the HEW Handbook of Public Assistance Administration, provide in pertinent part:
   "2200. *Requirements for State Plans.*
   A state plan for * * * AFDC * * * must provide that:
   (b)
   (3) Prompt action will be taken on each application, within reasonable State established time standards (which, effective July 1, 1968, will not exceed 30 days).
   (4) Assistance will be provided promptly and will continue regularly to all eligible persons. * * *
   "2300.
   (b) To assure the right to apply (IV-2200(b)):
   (5) Applicants are informed of the agency's time standard for promptness in acting on applications (effective July 1, 1968, not in excess of 30 days), * * *

and that it covers the time from the date of application to the date the applicants are determined eligible and receive their first assistance check * * * *"

4. Plaintiffs are given leave to amend count 1, as requested, to redefine the class to include "all persons" rather than "needy mothers and dependent children."

5. "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

purposes the court can take judicial notice that the number of AFDC recipients in Illinois runs well into the thousands, thus making joinder of class members clearly impracticable. See, *e.g.,* Cypress v. Newport News G. & N. Hospital Ass'n, 375 F.2d 648 (4th Cir.1967); Clemens v. Central R. Co. of N. J., 264 F.Supp. 551 (E.D.Pa.1967), rev'd. on other grounds, 399 F.2d 825 (3 Cir.), cert. den. 393 U.S. 1023, 89 S.Ct. 633, 21 L. Ed.2d 567.

Second, there are questions of law common to the classes, such as interpretation of the Illinois and HEW regulations, determination of the binding nature of the HEW regulations, and determination of the constitutionality of the Illinois regulation. Third, the claims of the representative parties are typical of the class. The named plaintiffs' interest in the litigation differs from that of the class members only in the amount of retroactive payments involved, and thus their presentation of the evidence and arguments can be expected to be representative of the class. State of Illinois v. Harper & Row Publishers, Inc., 301 F.Supp. 484 (N.D.Ill.1969).

■ Defendants make much of the fact that the Illinois Public Aid Code, 23 Ill.Rev.Stat. § 4–1.3, sets out numerous alternate criteria for eligibility for AFDC, such as death, physical incapacity, or unemployment of a parent. Defendants' argument is apparently that because the named plaintiffs do not represent all of the possible eligibility criteria their claims are not typical of those of the entire class. This argument is without merit, however, for it ignores the fact that the complaint defines the classes to include only *eligible* applicants. The reasons for eligibility are not in issue, nor does the cause of action depend in any way upon the kind of eligibility involved. Consequently, the failure of these plaintiffs to exemplify each sub-class within the Illinois statute is irrelevant. Moreover, similar class actions have been allowed when less than all possible kinds of eligible welfare recipients were named plaintiffs. See, *e. g.,* Johnson v. Robinson, 296 F.Supp. 1165 (N.D.Ill.1967), aff'd 394 U.S. 847, 89 S.Ct. 1622, 23 L.Ed.2d 30 (1969); Denny v. Health and Social Services Board, 285 F.Supp. 526 (E.D.Wis.1968).

■ Finally, we conclude that the representative parties will fairly and adequately protect the interests of the class. The named plaintiffs have a sufficiently large economic stake in the proceedings to insure diligent and thorough prosecution of the litigation. See Siegel v. Chicken Delight, Inc., 271 F.Supp. 722, 727–728 (N.D.Cal.1967). And the competence of their counsel is unchallenged.

■ Defendants contend that certain class members, those minors who are wards of the state pursuant to Illinois law, cannot be represented in a lawsuit by anyone but their guardian. However, this argument is refuted by the applicable statute, ch. 3 Ill.Rev.Stat. § 141, which provides that "any court" may "allow any person as the next friend of a minor to commence, prosecute or defend any suit in his behalf." We think this provision is broad enough to permit representation of wards of the state in this class action.

■ In addition to satisfying the requirements of Rule 23(a), a class action must also meet one of the criteria set out in Rule 23(b). Rule 23(b) (2) requires that:

> "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole * * *."

The complaint charges that defendants have failed to act promptly, and pay retroactive benefits, with respect to all members of the class. This alleged failure is due in part to the command of the challenged regulation, which applies to all class members. Thus, defendants have acted on "grounds generally applicable to the class." And final injunctive and declaratory relief is sought. In

Worrell v. Sterrett, CCH Pov.L.R. ¶ 10,575 (N.D.Ind.1969), final declaratory and injunctive relief was granted upon a complaint markedly similar to count 1 of the instant complaint. And *cf.* James v. Goldberg, 302 F.Supp. 478 (S.D.N.Y.1969); Van Gemert v. Boeing Company, 259 F.Supp. 125 (S.D.N.Y. 1966).

■ Defendants' argument that the complaint is predominantly one for money damages, and therefore not maintainable under this subsection, is also without merit. Class actions have been upheld under Rule 23(b) (2) in previous welfare cases when retroactive payments were sought. See Doe v. Shapiro, 302 F.Supp. 761 (D.Conn.1969) app. dism. 396 U.S. 488, 90 S.Ct. 641, 24 L.Ed.2d 677; Solman v. Shapiro, 300 F.Supp. 409 (D.Conn.1969) aff'd. 396 U.S. 5, 90 S.Ct. 25, 24 L.Ed.2d 5. In this case, as in those, the primary relief sought by the class is an injunction against state practices which allegedly deny federal rights, rather than the recovery of past benefits.

We conclude that plaintiffs may maintain each count of this complaint as a class action under Rule 23(b) (2) of the Federal Rules of Civil Procedure.

*Motions to Dismiss Count 1.*

■■ Defendant Swank, the Director of the Illinois Department of Public Aid, has filed a motion for judgment on the pleadings.[6] His first contention is that plaintiffs, by failing to pursue the state administrative appeal allowed by 23 Ill.Rev.Stat. § 11–8, have failed to exhaust their state remedies and are precluded from suing under 42 U.S.C. § 1983. However, we think that this argument is foreclosed by King v. Smith, 392 U.S. 309, 312, 88 S.Ct. 2128, 2131, 20 L. Ed.2d 1118 (1968), holding that a plaintiff suing under § 1983 need not exhaust administrative remedies "where the con-

stitutional challenge is sufficiently substantial, as here, to require the convening of a three-judge court." See also Houghton v. Shafer, 392 U.S. 639, 88 S. Ct. 2119, 20 L.Ed.2d 1319 (1968); Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); McNeese v. Board of Education, 373 U.S. 668, 83 S. Ct. 1433, 10 L.Ed.2d 622 (1963); cf. Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969).

Defendant Swank also states, with no supporting authority, that the federal regulations relied upon by plaintiffs were invalidly promulgated. However, the Secretary of Health, Education and Welfare has been granted the authority to promulgate rules and regulations by 42 U.S.C. § 1302. And we note that one of the regulations here challenged, § 2200(b) (3) of Part IV of the HEW Handbook, was found to be a validly promulgated rule within the provisions of the Administrative Procedure Act in Worrell v. Sterrett, *supra.*

■ Although it appears that no notice of proposed rule making was given when these regulations were issued, the requirement of notice in the Administrative Procedure Act, 5 U.S.C. § 553(b), is inapplicable when the regulations concern matters relating to grants, as do the instant ones. See 5 U.S.C. § 553(a) (2). And if it is defendant's claim that the regulations were not published as required by 5 U.S.C. § 552(a) (1) (D), this fact cannot avail him for he concedes in his brief that he had actual notice thereof. The regulations are therefore binding pursuant to the terms of § 552(a) (1):

> "Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published."

6. By order of June 8, 1970, this motion has been treated as a motion to dismiss.

Swank has also alleged that 5 U.S.C. § 553(a) (2), exempting regulations relating to grants from the Administrative Procedure Act's notice requirements, is unconstitutional because it creates an arbitrary and capricious distinction. But we agree with plaintiffs that Congress might reasonably have concluded that greater flexibility in promulgation was needed in the area of grants-in-aid in order to provide for their expeditious administration. Defendant has not demonstrated otherwise, and accordingly this court would not be justified in invalidating the challenged statute. McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); Metropolitan Casualty Ins. Co. of New York v. Brownell, 294 U.S. 580, 55 S.Ct. 538, 79 L.Ed. 1070 (1935).

Defendant also contends that this action is barred by Section 26 of Article IV of the Illinois Constitution, S.H.A., which provides "The State of Illinois shall never be made defendant in any court of law or equity." Although the State is not named as a defendant in this action, this provision has been held applicable to actions against state officers and agencies. Schwing v. Miles, 367 Ill. 436, 11 N.E.2d 944 (1937); Joos v. Illinois National Guard, 257 Ill. 138, 100 N.E. 505 (1912). However, this immunity does not extend to a state officer "when he is enforcing an unconstitutional statute or is proceeding in violation of law." Moline Tool Co. v. Dept. of Revenue, 410 Ill. 35, 37, 101 N.E.2d 71, 72 (1951); People ex rel. First Nat. Bank of Blue Island v. Kingery, 369 Ill. 289, 16 N.E.2d 761 (1938). Because the allegations of this complaint fall within the above exception to the constitutional grant of immunity, the maintenance of this action is not barred.

Defendant Daniel, the Cook County Director of Public Aid, and de-

fendant Barrett, the Cook County Comptroller, allege in support of their motion to dismiss that the federal "30-day requirement" is incorporated in the Illinois Department of Public Aid Manual [7] and that there is, therefore, no inconsistency between state and federal law. However, the state regulation does not explicitly require *receipt* of funds within 30 days of application, as does the federal regulation (§ 2300(b) (5)). And more importantly, the complaints herein filed allege that defendants have not, in fact, provided funds within 30 days of application in the majority of cases. Because the federal regulations are valid and binding upon defendants, this allegation states a cause of action within the meaning of 42 U.S.C. § 1983.

Defendants also claim that the complaints are deficient for failure to allege that the delay in issuance of the welfare checks was not caused by plaintiffs' own delay or lack of cooperation. But the federal regulation requiring payment in 30 days speaks in mandatory terms. And Section 2300(b) (6) provides:

"Agency policies on standards of promptness for acting on applications * * * are exceeded in practice only in unusual situations (e. g., where the agency cannot reach a decision because of failure or delay on the part of the applicant * * * to provide needed information) and in a small percentage of cases; and in such instances, the case record shows that the delay results either from circumstances within the claimants' control, or from some administrative or other emergency that could not reasonably be controlled by the agency."

By requiring that the case record show the reason for delay, the regulation places the burden of explaining such delay on the agency rather than on the ap-

---

7. "4004.1 *Time Standard*
* * * the time standard for disposition of applications is 30 days from the date of application to the date the applicants are determined eligible and the effective date of their first assistance * * *"

plicant. And certainly the defendants are more likely to know the reasons for delay. We conclude, therefore, that it is not an element of plaintiffs' prima facie case to plead and prove that delay was not caused by circumstances within their control.

■ Defendant Barrett has moved to dismiss the action as to him, alleging that he is not a proper party. But, in his capacity as Comptroller of Cook County, his signature appears on emergency checks received by AFDC applicants. Some of the responsibility for issuing checks within the required time period necessarily devolves upon his office, and he is, therefore, a proper party to this lawsuit.

*Motions to Dismiss Count 2.*

■ By its determination, as to count 1, that the HEW regulations are binding upon defendants and require payments within 30 days of application, absent fault on the applicant's part, this court has disposed of many of the challenges to the Equal Protection allegations in count 2. However, the allegations of count 2 go beyond those of count 1 in that they assert that the Equal Protection Clause requires payment retroactive to the date of application, not merely by the thirtieth day thereafter. Whether differential waiting periods for applicants amount to arbitrary classifications, or whether there is a reasonable basis for such classifications, are questions which cannot be answered at this stage of the pleadings. Further argument, and perhaps the admission of evidence, are required. The motions to dismiss count 2 are therefore denied.

*Conclusion.*

For the reasons stated herein, an order has been entered today denying all defendants' motions to dismiss, denying defendant Swank's motion for judgment on the pleadings, and allowing both counts of plaintiff Rodriguez' complaint to be maintained as a class action.