**Robert J. WYMELENBERG, Individually, and on behalf of all others similarly situated, Plaintiff,**

v.

**Joseph M. SYMAN, Family Court Commissioner in and for Milwaukee County, Wisconsin, Defendant.**

No. 70–C–397.

United States District Court, E. D. Wisconsin.

Jan. 4, 1972.

Valenti, Flessas & Koconis by John J. Valenti, Milwaukee, Wis., for plaintiff.

Robert P. Russell, Corp. Counsel, Milwaukee County, Wis. by John R. Devitt, Asst. Corp. Counsel, Milwaukee, Wis., for defendant.

Before FAIRCHILD, Circuit Judge, and REYNOLDS and GORDON, District Judges.

## DECISION and ORDER

PER CURIAM.

The plaintiffs and the defendant have each moved for summary judgment. The defendant urges that the action is moot because of the demise of Mrs. Wymelenberg. The plaintiffs contend that there are no genuine issues of fact for trial and that the plaintiffs are now entitled to judgment as a matter of law.

On June 30, 1971, this court filed an opinion and order, D.C., 328 F.Supp. 1353, which denied the defendant's motion to dismiss the complaint and stated that if no issues of fact were raised in the defendant's prospective answer, "judgment will be entered declaring § 247.05(3) invalid and enjoining defendant from enforcing it."

Section 247.05(3) Wis.Stats. requires two years of residence in Wisconsin prior to commencing a divorce action. For the reasons set forth in our opinion of June 30, 1971, we have concluded that such waiting period constitutes an unconstitutional impingement upon the Fourteenth Amendment of the United States Constitution. None of the disputed facts which have been raised by the defendant contradicts the plaintiffs' right to a judgment declaring the Wisconsin statute unconstitutional and unenforceable; the plaintiffs are also

entitled to an injunction restraining the defendant from denying access to the Wisconsin divorce courts to persons who have resided in Wisconsin for less than two years prior to the commencement of their actions.

■ The death of Mrs. Wymelenberg on November 7, 1970, does not render this action moot. Mr. Wymelenberg's being involuntarily removed from membership in the class of persons who would seek to obtain a divorce in Wisconsin even though they have resided here for less than two years does not destroy the right of the other members of the class to proceed with this action. There is nothing antagonistic in Mr. Wymelenberg's current status as a widower nor is there any indication that plaintiffs' counsel are not competently pursuing the interests of the remaining members of the class.

■ In paragraph four of his answer, the defendant denies that the class of which the plaintiff is a member is so numerous as to make joinder impractical. Notwithstanding such denial, we take judicial notice of the fact that " '[g]eographical mobility has always been a habit of the American people.' " Harrell v. Tobriner, 279 F.Supp. 22, 29 (D.C.1967). Furthermore, as stated in Edwards v. California, 314 U.S. 160, 183, 62 S.Ct. 164, 171, 86 L.Ed. 160 (1941) (Jackson, J., concurring),

> ". . . it is a privilege of citizenship of the United States, protected from state abridgment, to enter any state of the Union, either for temporary sojourn or for the establishment of permanent residence therein and for gaining resultant citizenship thereof. If national citizenship means less than this, it means nothing."

As noted in our earlier opinion, we are not persuaded that the present two-year residency requirement serves either a "compelling governmental interest" or a state interest of "overriding significance." Boddie v. Connecticut, 401 U.S. 371, 383, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Shapiro v. Thompson, 394 U.S. 618, 634, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). Insofar as the state residency requirement for divorce effectively excludes certain individuals from the Wisconsin courts, it constitutes an impermissible restriction not only as to Mr. Wymelenberg but also as to others like him who move from state to state.

■ The members of the class in the case at bar are all those persons who have applied or shall apply for a divorce in Wisconsin and who fail to meet the two-year continuous residency requirement; we hold that it is impractical to give notice to the members of this class beyond that which will result from coverage by the general news media. See Johnson v. Robinson, 296 F.Supp. 1165, 1169 (N.D.Ill.1967), aff'd 394 U.S. 847, 89 S.Ct. 1622, 23 L.Ed.2d 30 (1969); Denny v. Health and Social Services Bd., 285 F.Supp. 526, 527 (E.D.Wis.1968); Ramos v. Health and Social Services Bd., 276 F.Supp. 474, 478 (E.D.Wis.1967). At the time he commenced this action, Robert Wymelenberg fairly represented the class of which he was a member, and we conclude that this action may proceed as a class action, pursuant to Rule 23, Federal Rules of Civil Procedure.

Now therefore it is ordered that judgment be entered declaring § 247.05(3) Wis.Stats. violative of the Fourteenth Amendment of the United States Constitution, and it is also ordered that the defendant, his deputies, assistants, agents and employees and their successors in office, be and hereby are permanently enjoined from denying to the plaintiff and those similarly situated equal access to and equal use of the state divorce courts on the ground that they were residents of Wisconsin for less than two years immediately prior to the commencement of said divorce action.