An appropriate order will enter accordingly.

Jane **WOJCIK**, on behalf of herself, and all others similarly situated, Plaintiff,

v.

Richard C. **NOREN**, individually and as Clerk of the Superior Court, Windham County, State of Connecticut, Defendant.

Civ. No. 15113.

United States District Court, D. Connecticut.

Oct. 25, 1972.

---

Raymond Richard Norko, Danielson, Conn., and John A. Dziamba, Willimantic, Conn., Tolland-Windham Legal Assistance, Inc., and Louis Parley, New Haven, Conn., for plaintiff.

Robert K. Killian, Atty. Gen. of State of Connecticut, and Richard M. Sheridan, Asst. Atty. Gen., Hartford, Conn., for defendant.

Before SMITH, Circuit Judge, and CLARIE and NEWMAN, District Judges.

## MEMORANDUM OF DECISION

PER CURIAM.

This action attacks the constitutionality of the Connecticut one-year durational residence requirement for divorce. A three-judge district court was convened. A motion was filed to treat the case as a class action and a cross motion was made to dismiss the action as moot. We conclude that the action must be dismissed.

When plaintiff sought to file for divorce, the clerk of the Superior Court for Windham County, after consulting one of the judges, refused to accept the papers for filing.[1] By the time of the hearing before us, however, the clerk had decided that his refusal was in error and offered to accept the case for filing. There has been no formal refusal of jurisdiction by the Superior Court. It is unnecessary, therefore, for us to reach the merits of the constitutionality of the

---

[1]. The facts are stipulated to be as follows:

"1. The plaintiff is a female resident of the State of Connecticut who has resided therein for a period of less than one (1) year.

2. The plaintiff desires to initiate an action for divorce.

3. She is a citizen of the United States.

4. The plaintiff was a domiciliary of the State of Massachusetts at the time of her marriage.

5. The plaintiff was born and raised in the State of Connecticut and was a resident until 1968.

6. The plaintiff has resided continuously in the State of Connecticut since her arrival in April and intends to make this her permanent home.

7. The defendant Richard C. Noren is a Clerk of the Superior Court of Windham County, State of Connecticut.

8. On June 6, 1972 the plaintiff Jane Wojcik submitted to the defendant Richard C. Noren, Clerk of the Superior and Common Pleas Courts an application for First Order of Notice, Order of Notice and the original Writ as required by Section 46-17 of the Connecticut General Statutes to initiate the divorce action.

9. On June 6, 1972, the defendant Richard C. Noren returned to plaintiff's attorney the application for First Order of Notice, Order of Notice and the original Writ accompanied by a letter which in part stated:

'Paragraph two of the writ discloses that the plaintiff has not resided in this state for one year. Paragraph three states that the cause of action did not arise in this state. Paragraph six discloses that the defendant is not a resident of this state and paragraph one discloses that the marriage did not take place in this state.'

10. Subsequent to the date of the letter and upon request of the Attorney General's office, the defendant Noren informed plaintiff's attorney that he had acted mistakenly and that if the same papers were again presented to him he would accept them for filing."

residence requirement,[2] for that issue may be determined by the Superior Court, with appellate view of any adverse determination in the ordinary course.

The action is dismissed as moot.

2.  On the merits, one court has invalidated a similar statute.  Wymelenberg v. Syman, 328 F.Supp. 1353 (E.D.Wis.1971), summary judgment granted 54 F.R.D. 198 (E.D.Wis.1972) ;  and see Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) ;  Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).