### Corine RANDLE et al., Plaintiffs,

### v.

### Harold O. SWANK et al., Defendants.

### No. 71 C 1359.

United States District Court, N. D. Illinois, E. D.

Oct. 8, 1971.

Mark Spiegel, Mandel Clinic-Legal Aid Bureau, Jerrold Blumoff, Chicago, Ill., for plaintiffs.

William J. Scott, Atty. Gen. of Ill., Edward V. Hanrahan, State's Atty., Cook County, for defendants.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

Plaintiffs, who are recipients of Aid to Families with Dependent Children who

have failed to receive checks mailed to them are challenging the regulations used by the Illinois Department of Public Aid in reissuing such missing checks. The case is presently before this court on Plaintiffs' motion to convene a three-judge court to decide the substantive issues involved pursuant to 28 U.S.C. § 2284 and to allow Plaintiffs to proceed as a class action pursuant to F.R.C.P. 23.

Plaintiff Randle at the time of the filing of the complaint was receiving a monthly grant of $192.00 to support herself and her five-year old son and Plaintiff Porter was receiving a monthly grant of $395.00 to support herself, her four children and one grandchild. Both Plaintiffs claim that various checks that were due to reach them never arrived. They both reported their checks missing to the Illinois Department of Public Aid and were told that an investigation to determine whether recipients cashed the checks or whether they were indeed stolen and forged was mandatory. In the interim Mrs. Randle was issued emergency assistance amounting to a small fraction of the total amount due her. Pursuant to an order of this court on August 11, 1971 it was decreed that the Illinois Department of Public Aid issue replacement checks to Plaintiff Randle on the condition that should the investigation prove that Plaintiff Randle did indeed receive the checks the amount replaced would be deducted from subsequent assistance checks. It seems that as of this date Plaintiff Porter has also had some of her missing checks replaced.

The Public Aid Department's failure to authorize reissuance of Plaintiffs' checks is pursuant to its Manual of Policy and Procedure VII–7, §§ (e) and (f), which requires an investigation before checks can be replaced in situations in which a recipient claims that a check was never received. These investigations take anywhere from several months to a year or longer during which time recipients must make do without the missing amounts. Plaintiffs are challenging these regulations on the grounds that: 1) they violate the due process clause of the Fourteenth Amendment because they do not allow for a hearing during the lengthy investigatory period; 2) they violate the equal protection clause of the Fourteenth Amendment because recipients of general assistance have checks which are reported missing replaced upon the signing of an affidavit stating that the check had not been received and do not have to wait for the result of an investigation and; 3) they violate the Social Security Act, 42 U.S.C. § 602(a) (10) and the regulations issued thereunder, because aid has not been furnished Plaintiffs with reasonable promptness as required by the Social Security Act.

The issues presently before this Court are whether the Constitutional questions involved are proper matter for a three-judge court pursuant to 28 U.S.C. § 2284 and whether the cause may be brought as a class action in accordance with F.R. C.P. 23.

## THREE-JUDGE COURT

■ A three-judge court must be convened where: the complaint challenges a state statute or regulation; the statute is of general application throughout the state; injunctive relief is sought; and a substantial federal constitutional issue is raised. 28 U.S.C. 2281; Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962).

■ Defendant concedes the presence of the first three requirements and it is the last ingredient, the existence of a substantial federal constitutional issue, that is here in contention.

We hold that there is a very substantial federal constitutional issue involved in the denial of a hearing during the period that a missing check is being investigated though we do not express any opinion as to how that issue should be

resolved. We leave the substantive issues to the three-judge court that we believe should be convened.

 The test for determining whether a constitutional claim is so insubstantial as not to require a three-judge court is whether "the question * * * is 'obviously without merit' or * * * 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy'." Ex Parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933). There is a threshold amount of merit, if not more, in Plaintiffs' claims, and previous decisions of various courts tend to buttress rather than detract from that merit.

The stark fact of how critical the arrival of an assistance check can be to one who is on a minimum subsistence level, no matter how small the amount of that check might be, was recognized by the Supreme Court in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). "For qualified recipients, welfare provides the means [necessary] to obtain essential food, clothing, housing and medical care." Goldberg v. Kelly at 264, 90 S.Ct. at 1018. In *Goldberg* the Supreme Court held that the termination of welfare assistance without giving the recipient a hearing prior to the *termination* of the grant violated the due process clause.

Similarly, in Goliday v. Robinson, 305 F.Supp. 1224 (N.D.Ill. 1969), a three-judge court of this district held that due process requires hearings prior to *reductions* in welfare grants. The Supreme Court remanded this case for the making of a more factual record on the question of whether reductions in assistance are similar enough to complete termination so as to be within the *Goldberg* decision.

The fact that a welfare payment has not arrived because it was stolen from the mails rather than because it was terminated, makes the condition of one on a mere subsistence level no less "desperate" than that of the welfare recipients in Goldberg v. Kelly and, consequently, the question as to whether a state can refuse to allow a hearing until after a lengthy investigation is very substantial indeed. As the Court in *Goldberg* aptly put it:

> "Against the justified desire to protect the public funds must be weighed in individual's overpowering need in this unique situation not to be deprived of assistance. * * * While the problem of additional expense must be kept in mind, it does not justify denying a hearing meeting the ordinary standards of due process." 397 U.S. at 261, 90 S.Ct. at 1017, 25 L.Ed.2d at 287.

Defendant's only rebuttal to Plaintiffs' contention that a substantial issue does exist is to cite McCall v. Shapiro, 292 F. Supp. 268 (D.Conn.1968); affirmed 416 F.2d 246 (2nd Cir. 1969). In that case an ADC recipient claimed that the Connecticut welfare statutes violated the due process clause of the Fourteenth Amendment by denying her the right to a fair hearing prior to the temporary suspension of her welfare benefits. That case, as Plaintiffs correctly contend, far from forecloses the substantiality of the issue in the present case. *McCall* was decided two years before Goldberg v. Kelly, *supra,* and consequently the suspension of welfare assistance under the procedure used in *McCall* and in the present case is today of questionable validity and might well fall under the *Goldberg* decision. Furthermore, the situation of the recipient in *McCall* was not quite so desperate as that of the Plaintiffs in this case or as that of the plaintiffs in *Goldberg.* In *McCall* payments were terminated because the recipient was receiving income from another source and the plaintiff was not left without any source of assistance. Here, the State's refusal to allow for a hearing or to replace the missing checks leaves the Plaintiffs without any remedy or source of funds.

Plaintiffs' contention that there is a violation of the equal protection clause of the Fourteenth Amendment in view of the fact that general assistance recipients have their missing checks replaced on the basis of an affidavit alone while categorical recipients must wait for the results of an investigation is also not so totally without merit as to be insubstantial. Defendants argue that the general assistance program is administered by the City of Chicago and thus the State has no control over the method used to replace checks. It seems that Defendant does have the power to regulate general assistance programs under Illinois Revised Statutes, Ch. 23 §§ 12–4.8 and 12–18.5 and therefore a threshold issue as to whether there is an equal protection violation in the two different check replacement procedures is substantially presented.

In view of the foregoing cases we find that Plaintiffs have fully conformed with the 28 U.S.C. § 2284 requirement that a substantial federal constitutional issue must be presented and we hold that a three-judge court should be convened.

## CLASS ACTION

In order to maintain a class action the four requirements of F.R.C.P. 23 must be met: 1) the class is so numerous that joinder of all members is impracticable, 2) there are questions of law or fact common to the class, 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and 4) the representative parties will fairly and adequately protect the interests of the class.

First, Plaintiffs quite conceivably meet the requirement of a numerous class. Though Plaintiffs do not state precisely how many recipients are forced to wait for lengthy investigations to be concluded before their lost checks will be replaced, the numbers no doubt exceed hundreds if not more, and the class is sufficiently large enough as to render their joinder impracticable.

Second, there are questions of law or fact common to all members of the class in that the question of the constitutionality of the regulation applies to all members of the class. Defendants concede this. (Defendants' Brief P. 5).

Third, the requirement that the claim be typical of the class represented is also met. Defendant argues that since the amount and number of checks as well as the manner in which they were lost differs among the members of the class the requirement is not met. We agree with Plaintiffs that the focus in determining the class is not on the reasons leading to the failure of the checks to arrive or their number and amount but rather on the fact that they did not arrive. Thus, the class consists of those assistance recipients who have failed to receive a check that was due to arrive and who are required to wait lengthy periods until an investigation is concluded indicating whether or not they did receive the check.

Fourth, the requirement that the Plaintiffs will adequately protect the interests of the alleged class is met. There is nothing here to indicate that the class will not be fairly protected by these representative cases. The fact does remain that the individuals here involved depend on these checks for their very subsistence and livelihood and there is no doubt that the Plaintiffs will pursue this cause with the fervor that those basic needs of survival engender.

In regard to the four requirements under F.R.C.P. 23(a) which we hold have been met, Rodriguez v. Swank, 318 F. Supp. 289 (N.D.Ill. 1970) is extremely relevant. In that case the alleged class was all persons in Illinois eligible for Aid to Families with Dependent Children (AFDC) (incidentally the same assistance received by Plaintiffs in this case) who were required by the State to wait longer than thirty days after application for a determination of eligibility and receipt of their first assistance check. The second count alleged a class of all

AFDC applicants in Illinois who meet statutory eligibility requirements when they apply but are denied benefits for the intervening period from the date of application to the month in which their grant is authorized. Both classes were considered proper. Many of the same if not identical issues were presented in that case and resolved in favor of the Plaintiffs. There too no estimate of the members of the class was available yet the Court held the joinder of all members to be impracticable; there too Defendants claimed that the difference in amounts of the grants rendered the representative a-typical of the class and the Court nevertheless held the amounts to be irrelevant since the issue was common to all, and finally there too the amounts in question were not huge amounts as indeed how can amounts involved in welfare payments be, and yet the Court held that on a relative basis the amounts involved insured diligent and thorough prosecution of the litigation.

We hold the same true in the present case as regards the four requirements of F.R.C.P. 23(a).

Once the provisions of 23(a) are met Plaintiffs must meet one of the provisions of 23(b). Plaintiffs meet the requirement of 23(b)(2) which requires that the party opposing the class must have acted on grounds generally applicable to the class since the regulation herein involved is directed against the class of recipients who claim their checks are lost. The second part of this requirement, that the remedy sought be in the form of injunctive or declaratory relief is also met. This regulation is not unlike the procedure in Rodriguez v. Swank, *supra*, which was likewise held to conform to the requirement of Rule 23(b)(2).

Having found that a substantial federal constitutional issue exists and that a State regulation is in question we hold that a three-judge court is proper and having determined that Plaintiffs have met the requirements of F.R.C.P. 23

(a) and 23(b)(2) we hold that a class action is the correct manner in which to proceed in this case.

It is ordered that a three-judge court be convened to hear the issues in this case and it is further ordered that the Plaintiffs be allowed to litigate this case in the form of a class action.