Milton L. SHARP and Cecile R. Sharp, on behalf of themselves and as representatives of a class of persons similarly situated, Plaintiffs,

v.

HILLEARY FRANCHISE SYSTEMS, INC., a Missouri corporation, et al., Defendants.

No. 70C 386(2).

United States District Court, E. D. Missouri, E. D.

June 28, 1972.

Armstrong, Teasdale, Kramer & Vaughan, John J. Cole, St. Louis, Mo., for plaintiffs.

Lashly, Caruthers, Rava, Hyndman & Rutherford, Jack E. Koslow, Hullverson, Hullverson, Frank & Toft, John J. Frank, St. Louis, Mo., Frederick E. Hernon, Maryland Hgts., Mo., Stein & Seigel, and Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for defendants.

**36**

## MEMORANDUM AND ORDER

REGAN, District Judge.

For determination is the question of whether this action may be maintained as a class action.

Defendants are alleged to have violated the Securities Act of 1933 by offering to sell and selling to plaintiffs unregistered securities.[1] The theory of this suit is that defendants sold to plaintiffs six investment contracts (certificates of limited partnership), each of which represents a participation unit in a separate Flaming Pit restaurant venture in a different city and state. For purposes of this ruling, we assume that such certificates constitute securities within the meaning of the Act.

The total number of limited partnerships organized by defendant Hilleary Franchise Systems, Inc. (HFS) is uncertain on the present record. The evidence indicates that there were at least 42. Statements in a document filed by HFS with the SEC are to the effect that there were some 59 Flaming Pit limited partnerships in addition to 14 Noah's Ark and 9 John Henry Railroad Cafe limited partnerships with HFS as general partner.

■ An essential prerequisite to a class action is that there must be a defined "class." Hence, a basic preliminary question is whether there is a class which plaintiffs are entitled to represent and if so who constitute that class. It is plaintiffs' contention that the class consists of all persons who purchased certificates of limited partnership in limited partnerships in which HFS is a general partner.

■ We do not agree. True, this is a securities case, and a class action is ordinarily appropriate in cases involving securities' violations. However, the typical securities suit is one where the claim is based on fraudulent representations, and the class consists of those who have been defrauded. Here, the claim is premised not on fraud, but on the basic fact that a particular security is not the subject of a registration statement. The case focuses on a specific security (as to each of the ventures) and the issue is whether *that* security has been registered. If, as alleged (and as appears to be uncontroverted), the security is unregistered then without regard to the motives or good faith of defendants, or even whether loss has been sustained by the purchaser, the investor who purchased *that* security is entitled to rescind his purchase if he timely acts. That defendants may have committed *another* similar legal wrong by selling to other persons unrelated, unregistered securities in different business enterprises does not warrant the joinder of all such purchasers as a class.[2]

■ The situation presented is comparable to that which would exist had HFS organized separate corporations instead of limited partnerships for each restaurant operation and then sold unregistered shares in each of such corporations. The mere fact that the stock in each such corporation was unregistered would not suffice to permit the holder of unregistered stock in Corporation A to

---

1. A second count of which we are alleged to have pendent jurisdiction seeks similar relief under the Missouri Uniform Securities Act based on the same transaction. Our determination of the class action issue, as it relates to Count I, will under principles applicable to the exercise of pendent jurisdiction be dispositive of the same issue as to Count II.

2. The claim would be no better as a basis for a class action if defendants had actually filed, as required by law, separate registration statements as to each limited partnership containing false or misleading representations. This for the reason that only those persons who purchased securities with respect to which a particular registration statement was filed could complain of any misrepresentations therein.

represent the holder of unregistered stock in Corporation B. It is not within the contemplation of Rule 23 to permit the joinder of persons simply because they have "similar" claims based on entirely different enterprises for the purpose of constituting a class.

The fact is that each limited partnership is independent of all others, in that no limited partner in any one venture had any financial or other legal interest whatsoever in the success or failure of any other venture. We note that some of these franchised restaurant operations promoted by HFS proved successful and some (probably most) did not. As to a successful venture, only the 15 to 20 limited partners holding certificates therein profited, while as to a failing one only the 15 to 20 certificate holders who financially participated therein lost their money.

The inquiry as to whether the certificates were registered is a separate one as to each operation, for the self-evident reason that the partnerships did not collectively constitute a *common enterprise*, but on the contrary were separate enterprises. There is no doubt in our mind that, assuming the certificates of limited partnerships involved in this case are investment contracts and therefore securities, they are such only as to the particular ventures with respect to which they were issued. Simply because HFS organized each and was the general partner therein does not justify lumping these separate enterprises together. We hold that plaintiffs who have no interest either in the Flaming Pit restaurants in which they did not invest or in the 20 other franchise limited partnership operations may not sue representatively on behalf of all those who invested in such other ventures.

█ Plaintiffs urge that even if the class they seek to represent is stated too broadly in their complaint, there is at least a class which consists of all the holders of investment certificates in the six limited partnerships in which plaintiffs made investments. In our judgment, the same considerations which led us to conclude that the class could not consist of all limited partnership ventures precludes a finding that there is a class consisting of the certificate holders in all of the six partnerships. Simply because *plaintiffs* purchased unregistered securities in all six separate operations does not alter the relationship of the *other* purchasers either to plaintiffs or to defendants nor the nature of any claims they may have for rescission based on *their* purchases of unregistered securities. As indicated, the certificate holders in each of the limited partnerships constitute a separate class.

What we have in this case are six separate classes, one for each of the six limited partnerships and not six subclasses of one larger class. It thus appears that what plaintiffs are seeking is to represent six separate classes of security holders. We find nothing to prevent such joinder of class actions under the circumstances of this case if it be found that the prerequisites of Rule 23 have been met.

█ The initial requirement of the rule is that the class be so numerous that joinder of all members is impracticable. It appears from the certificates of limited partnership that in each instance there are no more than 20 limited partners, all of whom are named on the certificate and thus known to plaintiffs. We do not believe that it would be impracticable to join all of them, their number being so few. The fact that the total number of parties would be multiplied five or six fold by reason of the fact that there are six classes does not alter our conclusion. Rule 23 has reference to the number of members in a specific class.

█ There are additional, more compelling, reasons why a class action in our judgment would be inappropriate. There can be no doubt but that questions of both law and fact are common to all members of each "class." The real

issue, however, relates to whether such common questions predominate over any questions affecting only individual members, and whether "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The common questions are whether defendants sold and offered to sell unregistered securities. In the present case, although such questions are common there is really no dispute about that fact once it be held that a certificate of partnership is a security.

However, other questions, particularly as to limitations, are more seriously controverted. Although we do not rule the point, the record before us would indicate that plaintiffs themselves might be barred by limitations as to some if not all of their certificates. Inasmuch as plaintiffs must affirmatively prove (as part of their claim) that the action is timely brought as to each certificate, it is obvious that an identical burden must be sustained as to each member of the class, so that a separate trial on this basic question would be required as to each such member. And since the record indicates that the liability of some of the defendants could differ as to each member of the class, we do not believe that a class action which could well prove to be unmanageable under the circumstances is in fact superior to other available methods for the fair and efficient adjudication of the controversy.

We also take note of the fact that other actions filed by other certificate holders are presently pending. Two such suits are pending in this Court. In one of them counsel is the same as counsel for the plaintiffs in the matter now under consideration. That action was filed while present plaintiffs, prior to suit, were negotiating for the settlement of their claim. We are advised that several other suits are pending, two in the state courts and one in another district. In addition still another suit is pending in this Court in which the certificate holder plaintiffs in effect have ratified the sale to them by seeking relief consistent only with ratification of their purchase.

We do not reach the issue of whether plaintiffs' representation of the "class" is "adequate" within the meaning of Rule 23. In seeking to overcome the hurdle of limitations, present plaintiffs have argued that defendants (or at least some of them) are estopped to raise that point. In connection with the issue of estoppel, plaintiffs make it clear that such estoppel could exist only with respect to plaintiffs themselves since they expressly *disclaimed* any request for defendants to waive the defense of limitations as to others than plaintiffs. What the effect of this conduct may be as to the propriety of class representation is a serious question, although as we have stated, we do not definitively rule the point.

This action may not be maintained as a class action. It will continue only as one on behalf of plaintiffs individually.