Lawrence **JENSON** et al., Plaintiffs,

v.

**CONTINENTAL FINANCIAL CORPORATION et al., Defendants.**

Civ. No. 4–75–36.

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 19, 1975.

Chas. S. Zimmerman, Edw. Glickman, Minneapolis, Minn., for plaintiffs.

James H. O'Hagen, Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

MILES W. LORD, District Judge.

Before the Court is a motion by the plaintiffs for an order certifying this litigation as a class action pursuant to Rule 23(c)(1), F.R.Civ.P.[1]

The relevant portions of Rule 23 are as follows:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) The prosecution of separate actions by or against individual members of the class would create a risk of

(A) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially im-

pair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

(c) Determination by Order Whether Class Action to be Maintained; Notice; Judgment; Actions Conducted Partially as Class Actions.

(1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

Plaintiffs, in support of their motion for certification contend that this suit is cognizable as a class action under Rule

---

1. The Court has entered two separate orders in this case. A statement of the case and an outline of the facts is contained in the MEMORANDUM AND ORDER RE AMEND-MENT OF COMPLAINT, SUMMARY JUDGMENT AND APPOINTMENT OF RECEIVER, D.C., 404 F.Supp. 792 and will not be repeated here.

23(b)(1), (b)(2), & (b)(3). The Court finds that this suit is most appropriate for treatment as a (b)(3) class action and therefore will not attempt to discuss the merits of the plaintiffs' claims with respect to subsections (b)(1) and (b)(2).

At the outset, it should be noted that the plaintiffs' have defined the class as consisting of all past and present customers of Continental Financial Corporation and Continental Coin Exchange, Inc. who suffered damage. Continental Financial Corporation owns the assets of Continental Coin Exchange, Inc. and did business under the name of Continental Coin Exchange, Inc. Given this fact and the fact that the plaintiffs' claims are based upon the business operation of Continental Coin Exchange, Inc., it is the Court's view that the class should be more precisely defined as consisting of those persons who purchased coins from the date of inception of Continental Coin Exchange, Inc. (Feb. 13, 1973) to the present time and suffered damage. Therefore, the propriety of the plaintiffs' motion will be considered on the basis of this class definition.

In order to prevail upon their motion, plaintiffs have the burden of satisfying the requirements of Rule 23, *Cook County College Teachers Union, Local 1600, A.F.T. v. Byrd,* 456 F.2d 882, 885 (7th Cir. 1972), *cert. denied,* 409 U.S. 848, 93 S.Ct. 56, 34 L.Ed.2d 90 (1972); *Sol S. Turnoff Drug Dist., Inc. v. N. V. Nederlandsche,* 51 F.R.D. 227, 229 (E. D.Pa.1970). Therefore, in discussing the merits of the plaintiffs' motion, the Court will consider the requirements of Rule 23 seriatim.

A. *Impracticability of Joinder*

Rule 23(a)(1) precludes any class action unless, "the class is so numerous that joinder of all members is impracticable." The exact size of the plaintiffs' class has not been determined but defendants in their answers to the plaintiffs' interrogatories estimate that they have sold coins to approximately 7,500 people and of those several hundred margin customers have incurred a loss.[2]

Conceivably it would be possible to join all of these potential investors. However, the term "impracticable" within the meaning of Rule 23(a)(1) does not refer to impossibility, but only to difficulty or inconvenience. Wright & Miller, 7 *Federal Practice & Procedure:* Civil § 1762 at 593–94. Given the numerosity of the potential class, the court is persuaded that to allow this action to proceed by way of individual intervention would be extremely inconvenient and place an intolerable burden on the judicial resources of the Court. *Minnesota v. U. S. Steel Corp.,* 44 F.R.D. 559, 566 (D.Minn.1968); *Swanson v. American Consumer Indus., Inc.,* 415 F.2d 1326, 1333 (7th Cir. 1969).

B. *Common Questions of Law and Fact*

The second prerequisite to a class action set out in Rule 23(a)(2) is that there be common questions of law and fact. The Rule "does not require that all the members of the class be identically situated, if there are substantial questions either of law or fact common to all." *Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 914 (9th Cir. 1964).

The defendants argue that the plaintiffs' claims with respect to the sale of unregistered securities and the alleged misrepresentations and omissions of the defendants fail to present common questions of law and fact. The Court finds these arguments to be unpersuasive.

The Court has previously determined that the defendants did in fact sell securities which they failed to register.[3]

---

2. Defendants' answer to plaintiffs' interrogatories, set I, # 8–10.

3. *See,* MEMORANDUM AND ORDER RE AMENDMENT OF COMPLAINT, SUMMARY JUDGMENT AND APPOINTMENT OF RECEIVER.

Clearly, the fact that each investor purchased an unregistered security is common to all members of the class and relief ought to be provided on a class-wide basis. This same conclusion was reached by the Court in *Sharp v. Hilleary Franchise Systems, Inc.*, 56 F.R.D. 34, (E.D.Mo.1972), "the common questions are whether defendants sold and offered to sell unregistered securities. In the present case, although such questions are common there is really no dispute about that fact once it be held that a certificate of partnership is a security." 56 F.R.D. at 38; *Morris v. Burchard*, 51 F.R.D. 530 (S.D.N.Y.1971).[4]

Similarly, the defendants' assertions that their representations differed as to each customer, thus precluding the finding of common questions of law and fact, are without merit. The controlling consideration is whether the defendants' alleged misrepresentations were similar or made pursuant to a single scheme. Advisory Committee Note, 39 F.R.D. 98, 103 (1966); Wright & Miller, 7 *Federal Practice & Procedure*: Civil § 1763, at 606–607.

The plaintiffs assert that the defendants failed to disclose the true character of their business operation. These alleged omissions constitute a common course of fraudulent conduct. As such, they are suitable for class-wide treatment.

■ The only individual questions presented by the plaintiffs' complaint are those of damages. However, numerous cases have held that common questions of liability are appropriate for class-wide treatment despite individual differences in the amount of damages. *Ampicillin Antitrust Litigation*, 55 F.R.D. 269, 276 (D.D.C.1972); *Minnesota v. U. S. Steel Corp., supra*, 44 F.R.D. at 567;

*Philadelphia Electric Co. v. Anaconda Amer. Brass Co.*, 43 F.R.D. 452, 457–58 (E.D.Pa.1968).

### C. Plaintiffs' Claims are Typical of the Class.

■ The third prerequisite of Rule 23(a) is that the claims or defenses of the representative parties be typical of the claims or defenses of the class. This provision was added as part of the 1966 amendments to Rule 23 and there is some doubt as to the exact meaning of the requirement. Wright & Miller, 7 *Federal Practice & Procedure*, § 1764. Some courts have interpreted the requirement to mean that no substantial adversity exist between the claims of the representative parties and the members of the class. *Vernon J. Rockler & Co. v. Graphic Enterprises, Inc.*, 52 F.R.D. 335 (D.Minn.1971); *Kinsey v. Legg, Mason & Company, Inc.*, 60 F.R.D. 91 (D.D.C. 1973). However, a lack of adversity is also required under 23(a)(4) and thus one court has concluded that the typicality requirement was "designed to buttress the fair representation requirement in Rule 23(a)(4)." *Rosado v. Wyman*, 322 F.Supp. 1173, 1193 (E.D.N.Y. 1970), *Aff'd.*, 402 U.S. 991, 91 S.Ct. 2169, 29 L.Ed.2d 157. Other decisions have interpreted the requirement to mean that the claims and defenses of the representative and the members of the class emanate from the same legal or remedial theory. *Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir. 1973); *Arnesen v. Raymond Lee Organization, Inc.*, 59 F. R.D. 145 (C.D.Cal.1973).

The defendants argue that the representative plaintiffs have failed to demonstrate the requisite typicality because 1) some of the representative parties purchased different coins (gold or sil-

---

4. These cases ultimately held that a class action was not proper because the common questions did not predominate over the individual questions as required by 23(b)(3). The defendants have cited these cases in support of their argument that this action is inappropriate for treatment under 23(b)(3); the Court will address the merits of that argument under its discussion of that portion of the rule.

ver) than some members of the class; 2) some of the representative parties took delivery of their coins in a different manner than some members of the class; and, 3) some representative parties suffered different damages than some members of the class.

However, applying either test, it is apparent that the claims of the representative parties are typical of the remaining members of the class. Clearly, the representative's claims and the claims of the other members of the class emanate from the same legal theory thereby satisfying the requirements of 23(a)(3) under that test. Similarly, the representatives claims are not adverse to the claims of the remaining members of the class, as that test has been interpreted. The Courts which have applied the adversity test have given it a broad reading. Thus, it has been held that the requirement may be satisfied even though varying fact patterns support the claims or defenses of individual class members, *Randle v. Swank,* 53 F.R.D. 577 (N.D.Ill.1971); *Gerstle v. Continental Airlines, Inc.,* 50 F.R.D. 213 (D. Colo.1970), or there is a disparity in the damages claimed by the representative parties and the other members of the class. *Feder v. Harrington,* 52 F.R.D. 178 (S.D.N.Y.1970); *Minnesota v. U. S. Steel Corp., supra.* The supposed conflicts raised by the defendants are merely directed toward factual differences in the claims of individual plaintiffs and the different damages suffered by each plaintiff. These differences are not so substantial so as to preclude a finding of typicality under Rule 23(a)(3).

**D. *Adequacy of Representation***

■ The fourth prerequisite of Rule 23(a) requires that the representative parties fairly and adequately protect the interests of the class. The requirement necessitates consideration of two elements. First, whether the interests of the representative parties are antagonistic to the interests of the members of the class and secondly whether plaintiffs counsel are competent to pursue this action.

The defendants argue that there are potential conflicts of interest between the representative parties and the remaining members of the class. They specifically point to the potential conflict between the representative parties who still hold their investment and the other members of the class who have liquidated.

■ Although the interests of the parties who still hold their investment may differ from the interests of those who have liquidated, it is not so substantial a conflict so as to preclude class action treatment. Generally, only a conflict which goes to the very subject matter of the litigation will defeat a party's claim to representative status under 23(a)(4). Wright & Miller, 7 *Federal Practice & Procedure*: Civil § 1768 at 639. The conflict raised by the defendants may result in the various members of the class recovering different damages, but it does not go to the very subject matter of the suit. The principal subject matter of this suit involves the sale of unregistered securities by the defendants and the defendants alleged commission of fraudulent misrepresentations in the sale of such securities. The representative parties claims and those of the rest of the class are coextensive with respect to these central issues thereby eliminating any conflict as to the principal subject matter of the suit and insuring adequate representation within the meaning of 23(a)(4).[5]

■ The defendants have further questioned the adequacy of the representation by arguing that plaintiffs counsel have failed to provide adequate evidence

5. The plaintiffs have suggested that any conflict in the interests of the representative parties and the other members of the class be handled by dividing the class into subclasses pursuant to Rule 23(c)(4). The Court does not find that such a procedure is warranted at the present time. If it should develop that the interests of the representative party do conflict with the interests of the other members such a procedure could be utilized.

of their competency to maintain this action. The court finds this argument to be without merit.

Counsel for the plaintiffs have submitted affidavits [6] attesting to their diligence and competence in pursuing similar litigation against the defendants in the state courts of Minnesota. Further, the court notes that in the proceedings thus far counsel for the plaintiffs have demonstrated the highest skills in preparing pleadings and presenting written and oral arguments. *Northern National Gas Co. v. Grounds*, 292 F.Supp. 619 (D.Kan.1968).

Based on these facts, the court finds that counsel for the plaintiffs have adequately demonstrated their ability to competently pursue this action.

### E. *Predominance Requirement*

Rule 23(b)(3) requires that the "questions of law or fact common to the members of the class predominate over any questions affecting only individual members."

In arguing against certification, the defendants have devoted a major portion of their brief to the contention that the plaintiffs have failed to demonstrate that the common questions of law and fact predominate over the individual issues. Specifically, the defendants argue that:

1) the question of whether they sold unregistered securities does not present common issues of fact and law which predominate over individual issues, and,

2) that the allegations of plaintiffs regarding the defendants fraudulent misrepresentations to its customers present individual questions of law and fact.

The defendants first argument is without merit since this Court in a separate order has already determined that the defendants sold unregistered securities. (*see* MEMORANDUM AND ORDER RE AMENDMENT OF COMPLAINT, SUMMARY JUDGMENT AND APPOINTMENT OF RECEIVER). This violation of Federal law presents questions of law and fact common to all members of the class and further these common questions predominate over individual issues. This same result was reached by the Court in *Morris v. Burchard, supra*, and the Court finds that reasoning dispositive:

It is clear that the central issue in this case concerns the sale of unregistered Lynbar common stock by the defendants acting in concert during a narrow period of four months. The sales pursuant to a common scheme to distribute such stock without registration, in violation of federal law, if proved, would entitle every purchaser to rescind or to receive damages in a suit brought timely. This is a sufficient nexus on which to maintain a class suit and the determination of the issue is not embarrassed or overwhelmed by the need to decide it on behalf of 1,000 purchasers in a single unit. If that principal substantive issue is decided in favor of the plaintiffs, the residual matters that will be left for determination on behalf of each individual entitled to recover are relatively manageable as a matter of court administration. 51 F.R.D. at 532–533.

The defendants second argument that this action is not suitable for Rule 23(b)(3) treatment relates to the plaintiffs allegations that the defendants committed various oral and written misrepresentations in violation of the Federal Securities Acts,[7] Minnesota Securi-

---

6. Affidavit of Judge Andrew W. Danielson, Minnesota State District Judge.

7. Section 17(a) of the Securities Act of 1933, as amended, (15 U.S.C. § 77q(a)), Section 10(b) of the Securities Exchange Act of 1934, as amended (15 U.S.C. § 78j(b)) and Rule

10b–5 (17 C.F.R. § 240.10b–5) ; Sections 12 and 15 of the Securities Act of 1933, as amended (15 U.S.C. § 77*l* and § 77*o*) ; and Section 20 of the Securities Exchange Act of 1934, as amended (15 U.S.C. § 78t).

ties Acts,[8] Minnesota Statutes,[9] and common law.

The defendants first contend that the common questions of fraud do not predominate because the plaintiffs allege they relied on oral as well as written misrepresentations. It is their position that the material variations in these different representations create different and distinct causes of action.

It is true that courts have been reluctant to certify class actions in securities fraud cases when the alleged representations are entirely oral. *Morris v. Burchard, supra*, 51 F.R.D. at 534; *Moscarelli v. Stamm*, 288 F.Supp. 453, 462–463 (E.D.N.Y.1968). However, class action status has been permitted when the alleged fraudulent representations constitute a common course of conduct involving all the investors. *Green v. Wolf Corp.*, 406 F.2d 291 (2nd Cir. 1968), *cert. denied*, 395 U.S. 977 (1969); *Vernon J. Rockler & Co. v. Graphic Enterprises, Inc., supra; Fischer v. Kletz*, 41 F.R.D. 377 (S.D.N.Y.1966) Or, when the plaintiffs claims are based upon the alleged failure to disclose any material facts, a sin of omission "necessarily common to all shareholders." *Esplin v. Hirschi*, 402 F.2d 94, 100 (10th Cir. 1968), *cert. denied*, 394 U.S. 928, 89 S. Ct. 1194, 22 L.Ed.2d 459 (1969).

The plaintiffs in the present case have based their allegations upon both oral and written misrepresentations of the defendants. However, their central allegations rest upon an alleged common course of conduct by the defendants to deceive the plaintiffs largely by means of written representations, and the failure to disclose the nature of their business operation.

Based upon these facts, the court is persuaded that any material variation in the defendants representations are likely to be minimal and in any event are not so substantial so as to preclude the maintenance of a class action. In this regard, the court finds the reasoning contained in *Kronenberg v. Hotel Governor Clinton, Inc.*, 41 F.R.D. 42, 45 (S.D. N.Y.1966) applicable:

> While there may be different kinds of misrepresentations alleged with respect to different plaintiffs, including some oral misrepresentations, and while such factors might have led to a dismissal of a class action under the old rule, e. g. *Speed v. Transamerica Corp.*, 5 F.R.D. 56 (D.Del.1945); *Gilbert v. Clark*, 13 F.R.D. 498 (D.Mass. 1952), the new Rule 23 provides the flexibility to permit this action to proceed. It may very well develop that the misrepresentations made to the purchasers were in fact very similar, if not identical. If, on the other hand, the facts should reveal in the course of the pre-trial development of the case that the alleged misrepresentations were so varied as to render the action unmanageable, (Fed.R.Civ.P. 23(c)(1)) the Court can order that the class allegations be stricken and that the action proceed on behalf of the named plaintiffs alone. Fed.R. Civ.P. 23(c)(1) and 23(d)(4).

In addition, the defendants assert that different factual issues will arise when the various class members attempt to prove the reliance element necessary to their fraud claims. Although the potential exists that in establishing reliance certain facts may not be common to the entire class, the courts which have considered the question have concluded that this should not preclude class action treatment. Wright & Miller, 7A *Federal Practice & Procedure: Civil* § 1781 (1972) at 95.

The question of whether proof of reliance should foreclose class action status

---

8. Minn.Stat. § 80A.01 and § 80A.03 (1973 Supp.).

9. Minnesota Consumer Fraud Act, Minn.Stat. § 325.79 (1973 Supp.) and Minnesota Flass Advertising Act, Minn.Stat. § 325.905 (1973 Supp.).

in a securities fraud case was considered by the late Judge Neville in *Vernon J. Rockler & Co. v. Graphic Enterprises, Inc., supra,* and the court finds that reasoning persuasive:

Reliance is an issue lurking behind every securities fraud claim, and to require that it first be proven, would effectively negate the concept of a 10b–5 class action. *Green v. Wolf Corp., supra,* 406 F.2d at [291] 300–301; *Herbst v. Able,* 47 F.R.D. 11, 16 (S.D.N.Y.1969). Thus a rigid application of the requirements of Rule 23(e)(2) and (b)(3), *see Berger v. Purolator Products, Inc.,* 41 F.R.D. 542, 545 (S.D.N.Y.1966), has largely been rejected in favor of a policy which permits securities fraud claimants to proceed as a class in spite of foreseeable variation on the issue of reliance. *Green v. Wolf, Corp., supra; Eisen v. Carlisle & Jacqueline, supra,* 391 F.2d [555] at 565; *Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 914–915 (1964); *Mersay v. First Republic Corp. of America, supra,* 43 F.R.D. [465] at 471; *Brennan v. Midwestern United Life Ins. Co.,* 259 F.Supp. 673, 683–684 (N.D.Ind.1966); *Doglow v. Anderson,* 43 F.R.D. 472, 490 (S.D.N.Y.1966); *Kronenberg v. Hotel Governor Clinton, Inc., supra,* . . .. Under such circumstances, the purpose of the Rule dictates that the court take advantage of its flexible provisions. Once the common elements have been adjudicated, the court may or at least could order separate trials on the issue of reliance, Fed.R.Civ.P. 23(c)(4); *see Green v. Wolf Corp., supra,* 406 F.2d at 301; *Cannon v. Texas Gulf Sulphur Co.,* 47 F.R.D. 60, 64 (S.D.N.Y.1969); *Minnesota v. United States Steel Corp., supra,* 44 F.R.D. [559] at 569–70.

■ Finally, the defendants contend that in proving fraud on their part, the plaintiffs must demonstrate that any damage incurred was caused by the defendants in order to recover; and, that in proving such causation, individual questions will arise precluding the application of Rule 23(b)(3).

The Court is not necessarily persuaded that the plaintiffs have the burden of proving causation in securities fraud cases. The cases cited by the defendants in support of their argument all deal with violations under the Sherman Act. *Kinzler v. New York Stock Exchange,* 62 F.R.D. 196 (S.D.N.Y.1974); *Gneiting v. Taggares,* 62 F.R.D. 405 (D.Idaho 1973); *In Re Hotel Telephone Charges,* 500 F.2d 86 (9th Cir. 1974).

In any event, the question need not be resolved at this time. For, as noted in the discussion regarding reliance, even if the issue of causation was required to be proved and if it was determined that it presented individual issues, this would not defeat the class action. The courts have consistently recognized that the possible necessity for separate trials on specific individual issues does not bar a class action. *See, Epstein v. Weiss,* 50 F.R.D. 387 (E.D.La.1970); *Doglow v. Anderson,* 43 F.R.D. 472 (E.D.N.Y. 1968).

## F. *Superiority of Class Action*

■ In order for a class action to proceed under 23(b)(3) it must be determined not only that common issues predominate over individual issues, but also that a "class action is superior to other available methods for fair and efficient adjudication of the controversy."

The defendants argue that a class action is not the superior method of litigating because there is no indication that other plaintiffs are desirous of joining the lawsuit and such a suit would be unmanageable.

Plaintiffs counsel has submitted an affidavit indicating that he has received numerous inquiries from potential plaintiffs about joining the suit.[10] This clearly refutes the defendants argument.

10. Affidavit of Charles Zimmerman, Plaintiffs' counsel.

Further, the court is not in agreement with the defendants contention that the maintenance of this litigation as a class action would be unmanageable. Essentially, the question of manageability involves the weighing of the judicial efficiency the class action will produce against the corresponding administrative complexities which may arise. Wright & Miller, 7A *Federal Practice & Procedure:* Civil § 1780 at 76.

As noted in the previous discussion, the plaintiffs' claims are for the most part identical and any individual issues which may arise can be easily handled under the flexible provisions of Rule 23. Further, the administrative difficulties of handling any potential individual issues which may arise are less onerous than the difficulties which would arise were these claims to be tried in separate actions. In short, allowing this suit to proceed as a class action will produce an efficient use of judicial resources in a manner far superior than the maintenance of separate actions.

Based upon the foregoing conclusions,

It is ordered, decreed and adjudged that:

I Plaintiffs motion to certify this litigation as a class action with the class consisting of all those customers who have purchased coins from the date of inception of Continental Coin Exchange, Inc. (Feb. 13, 1973) to the present time and suffered damage is hereby granted.

II The Court directs Counsel for the plaintiffs to prepare a form of notice that will fulfill the requirements of Rule 23(c)(2) and a proposed order specifying the method of giving notice to the class and to submit such form of notice and proposed order to the Court and to counsel for the defendants within 20 days from the date hereof. The defendants are given 10 days from their receipt of the proposed form of notice and order in which to file objections thereto.