**In re CONTROL DATA CORPORATION SECURITIES LITIGATION.**

**Master File No. 3–85–1341.**

United States District Court,
D. Minnesota,
Third Division.

Dec. 1, 1986.

counsel.

Karl Cambronne, Jack L. Chestnut, Chestnut & Brooks, P.A., Minneapolis, Minn., Leonard Barrack, Barrack, Rodos & Bacine, Philadelphia, Pa., for plaintiffs.

Elliot S. Kaplan, Deborah J. Palmer, Robins, Zelle, Larson & Kaplan, Craig Gagnon, A. Reid Shaw, John Goodnow, Oppenheimer, Wolff & Donnelly, Steven J. Olson, Control Data Corp., Minneapolis, Minn., for defendants.

## ORDER

ALSOP, Chief Judge.

This matter comes before the court on plaintiffs' motion to certify a class action pursuant to Fed.R.Civ.P. 23. The proposed class is:

> All persons or entities who purchased common stock of Control Data Corporation in the open market during the period beginning January 7, 1985 and ending August 6, 1985, excluding defendants, subsidiaries and affiliates of the corporate defendant, members of the immediate families of the individual defendants and the successors or assigns of any of the defendants.

## BACKGROUND

This action is brought by investors who purchased Control Data Corporation ("CDC") securities to enforce rights created by the anti-fraud provisions of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, particularly Section 10(b) thereof, Rule 10b–5 promulgated thereunder, and principles of common law. The defendants in this action are CDC and Peat, Marwick, Mitchell & Co. ("PMM"), CDC's independent auditor. Plaintiffs' consolidated complaint alleges claims based upon Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder, common law fraud, and negligent misrepresentation.

The plaintiffs allege, in essence, that from January 7, 1985 through August 6, 1985, defendants issued false and misleading documents and statements concerning CDC's operations and financial condition, including a CDC 1984 Annual Report, a Form 10K, an interim report, optimistic statements concerning CDC's business operation and financial condition, and the employment of deceptive and manipulative accounting practices. The plaintiffs further allege that these false and misleading representations were intended to and did convey to the investing public a false and misleading impression of a profitable, financially sound, and growing company. The actions of the defendant are alleged to have resulted in an artificially inflated and maintained market price for CDC common stock through the class period.

## DISCUSSION

### A. INTRODUCTION

In order to proceed as a class action, plaintiffs must first meet the four requirements of Fed.R.Civ.P. 23(a), which provides that:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly

and adequately protect the interests of the class.

Plaintiffs must then prove that their action falls within one of three categories listed in Rule 23(b). Plaintiff seeks to certify under Rule 23(b)(3), which provides that an action may proceed as a class action if:

(3) the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of the members of the class in individually controlling the prosecution and defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The district court is given broad discretion to determine the maintainability and the conduct of class actions. *See, e.g., Vervaecke v. Chiles, Heider & Co., Inc.*, 578 F.2d 713, 719 (8th Cir.1978); *Emery Cessna Aircraft Distributorship Antitrust Litigation*, 518 F.2d 213, 215 (8th Cir.) *cert. denied*, 423 U.S. 947, 96 S.Ct. 363, 46 L.Ed.2d 282 (1975). When exercising this discretion, this court is mindful that the class action device is a necessary vehicle for the vindication of small claims, especially when the nature of the claim involves complex litigation. *See, e.g., Vernon J. Rockler & Co. v. Graphic Enterprises, Inc.*, 52 F.R.D. 335, 347 (D.Minn.1971); *Weiss v. Tenney Corp.*, 47 F.R.D. 283, 291 (S.D.N.Y.1969). Commenting on the importance of the class action device in the area of securities litigation, the Third Circuit has stated that "the interest of justice re-quires that in a doubtful case ... any error, if there is to be one, should be committed in favor of allowing the class action." *Kahan v. Rosenstiel*, 424 F.2d 161, 169 (3d Cir.) *cert. denied*, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970) (quoting *Esplin v. Hirschi*, 402 F.2d 94, 101 (10th Cir. 1968)).

Because Fed.R.Civ.P. 23(c)(4) authorizes a court to certify a class as to one or more claims without certifying the entire complaint, the court will address each of the requirements for class certification as they apply to the federal claims and the state law claims.

## B. FEDERAL CLAIMS

### 1. *Rule 23(a)(1)—Numerosity*

The numerosity provision of Rule 23(a)(1) requires that a class be so numerous that joinder of all of its members is impracticable. In the present case, the proposed class is sufficiently numerous to render joinder of all claims impracticable. Indeed, defendants agree that the numerosity requirement of Fed.R.Civ.P. 23(a) is satisfied. There were approximately 38,502,533 shares of CDC common stock outstanding as of June 30, 1985. During the class period, more than 40,000,000 shares of CDC common stock were traded. While the plaintiffs have not established the exact number of class members, they have demonstrated that the class will be sufficiently numerous to satisfy the requirement of Rule 23(a). *See In re Victor Technologies Securities Litigation*, 102 F.R.D. 53, 56 (N.D.Cal.1984).

### 2. *Requirement of Rule 23(a)(2)— Commonality*

The commonality provision of Rule 23(a)(2) requires that the claims the class members share substantial and common questions of law or fact. *See, e.g., Jenson v. Continental Financial Corp.*, 404 F.Supp. 806, 809 (D.Minn.1975). To succeed in a private action pursuant to Rule 10b-5,[1] a plaintiff must establish:

---

**1.** Rule 10b-5 was promulgated pursuant to Section 10(b) of the Securities Exchange Act of 1934.

(1) that defendant acted in a manner prohibited by the Rule, whether it be that the defendant employed a device, scheme, or artifice to defraud, made misrepresentations or omissions of material facts, or engaged in acts, practices, or courses of business that operated as fraud or deceit;

(2) causation, often analyzed in terms of materiality and reliance;

(3) scienter, that is an intent to deceive, manipulate, or defraud;

(4) damages; and

(5) the fraudulent activity occurred in connection with the purchase of sales securities.

*Harris v. Union Electric Co.*, 787 F.2d 355, 362 (8th Cir.1986) (citations omitted). *See also Austin v. Loftsgaarden*, 675 F.2d 168, 176–80 (8th Cir.1982).

■ In the present case, the gravemen of the plaintiffs' complaint concerns alleged misstatements of income contained in a 1984 Annual Report, Form 10–K, and an interim report for the first half of 1985. Because these documents were uniform and broadly distributed, there are numerous common issues of law and fact relative to the plaintiffs' Rule 10b–5 claim. Examples of common issues that will likely exist are:

(1) Whether the defendants misstated their income during the relevant time period.

(2) Whether the misstatements were material.

(3) Whether the defendants had the intent to deceive, manipulate, or defraud the plaintiffs through the misstatements.

(4) Whether the theory of fraud on the market should apply in this case.

Indeed, defendants concede that a number of common questions of law and fact exist.[2] Accordingly, the court concludes that the plaintiffs' federal claims present common questions of law and fact.

### 3. *Requirement of Rule 23(a)(3)—Typicality*

■ Generally, the typicality requirement is tested in terms of lack of antagonism among the claims or defenses of the representatives and those of the class members. J. Friedenthal, M. Kane, A. Miller, *Civil Procedure* at 729 (1980); *see also Hurwitz v. R.B. Jones Corp.*, 76 F.R.D. 149, 158 (W.D.Mo.1979); *Metge v. Baehler*, 77 F.R.D. 470, 475 (S.D.Ia.1978); *Graphic Enterprises*, 52 F.R.D. at 340. The claims or potential defenses need not be identical, and typicality usually will be satisfied if the claims or defenses of the representatives and the class stem from the same events or rest on the same legal theories. *See, e.g., In re Data Access Systems Securities Litigation*, 103 F.R.D. 130, 139 (D.N.J.1984); *Jones v. Blinziner*, 536 F.Supp. 1181 (N.D.Ind.1982); *Holland v. Steele*, 92 F.R.D. 58 (N.D.Ga.1981). When the claims or defenses of the representatives and the class are based on the same course of conduct or legal theory, it is thought that the representatives will advance the interest of the class members by advancing his or her own interests. *See Zeffiro v. First Pennsylvania Banking & Trust Co.*, 96 F.R.D. 567 (E.D.Pa.1983); *Leist v. Tamco Enterprises, Inc.*, [1982 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 98,633 (S.D.N.Y. Mar. 16, 1982). *See generally* 4 Newberg, *Class Actions*, § 22.11 at 29 (1977). The advancement of the common interests of class members, however, may be jeopardized when the defendant can assert defenses against the representatives that are not applicable to the majority of the class members. The existence of defenses unique to the class representatives raises concerns that the representatives' attention and the focus of the litigation will be shifted from issues common to the class to defenses unique to the representatives. *See, e.g., Koos v. First National Bank of Peoria*, 496 F.2d 1162 (7th Cir.1974); *Masri v. Wakefield*, 106 F.R.D. 322 (D.Col.1984);

---

**2.** Although conceding that common questions of law and fact may exist, the defendants suggest that these common questions do not predominate and are far outnumbered by individual questions of law and fact.

*Cohen v. Laiti,* 98 F.R.D. 581, 583–84 (E.D. N.Y.1983). Although the district court should not consider the merits of the plaintiffs case in deciding the certification issue, *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974), when the requirements of commonality and typicality are brought into question, it may be necessary that the court analyze the substantive claims and defenses of the parties. *Hurwitz,* 76 F.R.D. at 157.

In the present case, the defendants argue that the named plaintiffs' lack of reliance subjects the plaintiffs to unique defenses. Examples of conduct cited by the defendants in support of their claim of unique defenses are speculation (plaintiff Page), sophistication (plaintiff Steiner), and lack of sophistication (plaintiff Randall). Consequently, the defendants argue, plaintiffs' federal claims are not typical of the class and certification must be denied.

 The court rejects the defendants argument that variations in reliance raise unique defenses and preclude a showing of typicality. If reliance is an element of the plaintiffs' 10b–5 claim, it is one that applies to each class member. As stated by the court in *Graphic Enterprises* "[r]eliance is an issue lurking behind every securities fraud claim, and to require that it first be proven, would effectively negate the concept of a 10b–5 class action." *Graphic Enterprises,* 52 F.R.D. at 345. Acceptance of the defendants' argument would effectively prevent certification of all non-omission 10b–5 claims. There is nothing unique about a defense of lack of reliance. *See Hurwitz,* 76 F.R.D. at 158. *In re Data Access,* 103 F.R.D. at 136.

The court is sufficiently persuaded that the focus of the representatives' attention and the litigation will be on issues common to the class and not on the issue of reliance. Accordingly, the court concludes that plaintiffs' federal claims are typical of the federal claims of the class.

**4.** *Requirement of Rule 23(a)(4)—Adequate Representation*

 The adequate representation provision of Fed.R.Civ.P. 23(a)(4) requires that the interests of the named plaintiffs and the other members of the class coincide and it appears that the plaintiffs and their attorneys will vigorously prosecute the action. *See, e.g., In re Data Access Systems,* 103 F.R.D. at 140; *Peil v. National Semi Conducter Corp.,* 86 F.R.D. 357, 365 (E.D. Pa.1980). The defendants do not argue that the named plaintiffs and their attorneys will not vigorously prosecute this action. The defendants argue that because they can assert defenses against the plaintiffs based upon lack of reliance, the interests of the named plaintiffs and the class members do not coincide. Much of the above discussion regarding the affect of the reliance defense on typicality is equally applicable to this aspect of the adequate representation requirement. Indeed, many courts and scholars finds the two requirements redundant when evaluating unique defenses.[3] *See Masri,* 106 F.R.D. at 325; *Hurwitz,* 76 F.R.D. at 156; *accord Kline,* 88 F.R.D. at 699; *Civil Procedure, supra.* at 729. The court feels it is unnecessary to reiterate its analysis of the defendants' argument that their defense of lack of reliance creates antagonism between the named plaintiffs and the class. The court is confident that the named plaintiffs' interests sufficiently coincide with the interests of class members and the plaintiffs will adequately represent those class members despite an allegation of lack of reliance.

**5.** *Requirement of Rule 23(b)(3)—Common Questions of Law or Fact Predominate*

 The provision of 23(b)(3) requires that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fair and

---

**3.** In their brief, the defendants acknowledge that with regard to unique defenses the requirement of 23(a)(3) and the requirement of 23(a)(4) are closely related.

efficient adjudication of the controversy. The defendant argues that questions of law or fact common to the class do not predominate over questions affecting individual class members because of differences in reliance on the alleged misrepresentations. In support of this proposition the defendant cites to *Raymond v. Miller & Schroeder Municipals, Inc.*, [1983–84 Transfer Binder] Fed.Sec.L.Rep. ¶ 99,714 (D.Minn.1983) [Available on WESTLAW, DCT database], a case authored by this court. The defendants' reliance on *Raymond* is misplaced. In *Raymond* the alleged written misrepresentations were stated in different ways in several different documents. Moreover, varying oral representations were made to individual plaintiffs by separate salespersons. In other words, the alleged misrepresentations were local in scope and targeted towards the specific plaintiffs to whom they were made. In contrast, the present case involves alleged misrepresentations [4] that are not inconsistent, of a national scope, and targeted towards the marketplace of buyers and sellers of broadly traded securities.

Assuming that reliance is a necessary element of the plaintiffs' 10b–5 claim, common questions such as whether any misrepresentations were made, whether the misrepresentations were material, whether the defendants intended to deceive or defraud the plaintiffs through the misrepresentations, whether reliance is a required element of the plaintiffs' federal claims, clearly predominate over the individual issue of reliance. Moreover, a class action is superior to other available methods for fair and efficient adjudication of this dispute. Accordingly, the court concludes that the plaintiffs have satisfied the requirement of 23(b)(3).

## C. STATE LAW CLAIMS

In addition to their federal claims the plaintiffs assert two state law claims based upon common law fraud and negligent misrepresentation. The Rule 23(a) analysis,

(numerousity, commonality, typicality, and adequate representation) of the plaintiffs' common law claims is substantially similar to the court's analysis of the plaintiffs' federal claims. Without discussing each of the individual requirements of 23(a), the court is satisfied that the plaintiffs' common law claims comply with those requirements. Satisfaction of the requirement of 23(b)(3), however, is a much closer question. For reasons discussed below, this court believes that sound discretion counsels against certification of the state law claims.

The plaintiffs argue that the court can apply Minnesota common law principles to the common law claims of all the class members, including the class members who reside outside the state of Minnesota. This approach, according to the plaintiffs, eliminates the need for a choice of law analysis, enhancing the manageability of the common law claims. In contrast, the defendants argue that a *Milkovich* choice of law analysis is required, and that variations in state law render the common law claims unmanageable.

The court recognizes that it may well be able to constitutionally apply Minnesota law to all of the individual claims of the class. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). In *Shutts* the Supreme Court formulated a two step analysis for determining whether a forum state may constitutionally apply its law to all of the individual claims of the class. The first issue that must be resolved is whether the forum state's law "conflicts in any material way with any other law which could apply." *Id.*, 105 S.Ct. at 2977. In the present case, it is likely that material conflicts exist between the potentially applicable state law regarding both common law fraud and negligent misrepresentation. *See* cases cited *infra* footnote 6. If a conflict exists, the court must then determine whether the forum has "a significant contact or aggregation of contacts to the claims asserted by

---

**4.** The alleged misrepresentations include statements made in documents issued by CDC, as well as statements made to the public through press reports and other public announcements.

each member of the plaintiff class, contacts creating state interests in order to ensure that the choice of [forum] law is not arbitrary or unfair." *Id.* at 2980. (quoting in part *Allstate Ins. Co. v. Hague,* 449 U.S. 302, 312–13, 101 S.Ct. 633, 639–40, 66 L.Ed.2d 521 (1981)).

In the present case, the undisputed contacts attributable to Minnesota include the following:

1. CDC is a Minnesota corporation.

2. CDC's principal place of business is Minnesota.

3. Most of the press releases and other public statements emanated from Minnesota.

4. The defendants transact business in Minnesota.

Accordingly, the court is satisfied that the state of Minnesota has sufficient contacts to ensure that the choice of Minnesota law would not be arbitrary or unfair.[5] *See In re Computer Memories Securities Litigation,* 111 F.R.D. 675, 686 (N.D.Cal.1986).

Notwithstanding the constitutional ability to apply Minnesota law, the court believes that the class members have a significant interest in individually controlling the prosecution of these tort claims in the forum of their choice because of the significant variations in state law with regard to the alleged common law torts,[6] especially negligent misrepresentation.[7] Out of concern of manageability, the court does not consider performing a *Milkovich* choice of law analysis as a viable alternative to either applying Minnesota law to all claims of the class or allowing the class members to individually control the prosecution of their state claims. Accordingly, the court will deny the plaintiffs' motion to certify their common law fraud and negligent misrepresentation claims pursuant to 23(c)(4).

Based upon the record before the court and the foregoing discussion,

IT IS ORDERED That as to their federal claims, the plaintiffs' motion to certify a class be and the same hereby is granted and the following class is certified:

> To the extent that they have claims under federal law, all persons or entities who purchased common stock of Control Data Corporation in the open market during the period beginning January 7, 1985 and ending August 6, 1985, excluding defendants, subsidiaries and affiliates of the corporate defendant, members of the immediate families of the individual defendants and the successors or assigns of any of the defendants.

IT IS FURTHER ORDERED That as to their state common law claims, the plaintiffs' motion to certify a class be and the same hereby is denied.

---

5. The federal courts are split concerning the ease with which plaintiffs can join state common law fraud claims with federal claims through pendency. *Compare Dekro v. Stern Brothers & Co.,* 540 F.Supp. 406 at 418 (W.D.Mo. 1982) and *In re Victor Tech. Securities Litigation,* 102 F.R.D. at 59 with *Peil,* 86 F.R.D. at 367 and *Raymond,* Fed.Sec.L.Rep. (CCH) at ¶ 99,-714.

6. *See Sanders v. Robinson Humphrey/American Express, Inc.,* 634 F.Supp. 1048 [Current Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 92,548, at 93,284 (N.D.Ga.1986) (discussing variations in knowledge, intent and justifiable reliance standards regarding common law fraud). *Compare H. Rosenblum, Inc. v. Adler,* 93 N.J. 324, 461

A.2d 138, 153 (1983) (negligent misrepresentation can be maintained by any person defendants should reasonably have foreseen would rely on defendants' misrepresentation) *with Credit Alliance Corp. v. Arthur Andersen & Co.,* 65 N.Y.2d 536, 493 N.Y.S. 435, 483 N.E.2d 110, 115 (1985) (third-parties not in a relationship to defendants so close as to approach that of privity cannot assert claims of negligent misrepresentation).

7. The Minnesota Supreme Court has recently held that the State's comparative fault statute applies in cases of negligent misrepresentation. *Florenzano v. Olson,* 387 N.W.2d 168, 175–76 (Minn.1986).